VERNA MAY PALKO, PLAINTIFF-APPELLANT, v.
DANIEL PALKO, DEFENDANT-RESPONDENT.

Argued February 22, 1977—Decided May 19, 1977.

*Mr. Frederick J. Rossi* argued the cause for plaintiff-appellant (*Messrs. Wegner & Wegner,* attorneys).

*Mr. Walter R. Dewey* argued the cause for defendant-respondent.

*Mr. David J. Goldberg* argued the cause for respondent Linda Palko (*Mr. George Warren,* Guardian *ad Litem, pro se,* attorney).

PER CURIAM. We reverse the judgment of the Appellate Division and remand the matter for hearing to the trial court substantially for the reasons given by Judge Seidman in his dissenting opinion. 150 *N. J. Super.* 255 (1976). We add the following comments.

While the affidavits supporting plaintiff's motion to re-open the judgment use the terms "deception," "fraud" and "concealment," the substance of her application may well have been cognizable on broader grounds. A motion to re-open a judgment based on mistake, newly discovered evidence, fraud and the like, *R.* 4:50–1 (a), (b) and (c), must be made within one year after the judgment was entered. *R.* 4:50–2.[1] However, a motion asserting "any other reason justifying relief from the operation of the judgment or order," *R.* 4:50–1 (f), has no such time limitation

---

[1] The final judgment sought to be reopened was entered on May 16, 1972. Plaintiff's motion to reopen was filed on July 22, 1974.

except that it must be made "within a reasonable time."
*R*. 4:50–2.

In *Court Invest. Co. v. Perillo*, 48 *N. J.* 334 (1966),
we noted the following:

"* * * [A] motion under (f) is addressed to the discretion of the
trial court. That discretion is a broad one to be exercised according
to equitable principles, and the decision reached by the trial court
will be accepted by an appellate tribunal in the absence of an abuse
of its discretion. No categorization can be made of the situations
which would warrant redress under *subsection* (f). As Justice Proctor
noted in *Hodgson v. Applegate*, 31 *N. J.* 29, 41 (1959), the very
essence of (f) is its capacity for relief in exceptional situations.
And in such exceptional cases its boundaries are as expansive as the
need to achieve equity and justice." 48 *N. J.* at 341.

A significant element in the timeliness of plaintiff's motion, noting the strictures of the rule, would consist of the date when plaintiff first discovered the facts underlying her application, a matter left unclear by the moving papers. Therefore, we do not hold that plaintiff's motion to reopen was made within a reasonable time or that it satisfied the requirements of *R*. 4:50–1 (f). However, we conclude that the motion papers were adequate to entitle plaintiff to a hearing on these issues. In essence, this is what plaintiff sought during argument of her motion. Also, since Daniel Palko, the named defendant herein, died on June 18, 1973, his estate through the executor of his last will and testament should be substituted as party defendant in these proceedings.

We therefore remand for the trial court to determine, after hearing, (1) whether plaintiff's motion was made within a reasonable time under the circumstances, and if so, (2) whether plaintiff can establish a ground for relief under *R*. 4:50–1 (f).

So ordered.

SCHREIBER, J., dissenting. Verna Palko and Daniel Palko were divorced on May 16, 1972. The final judgment incorporated a property settlement entered into on February 14, 1972. Under one of the terms of the settlement the

defendant husband agreed never to change his will, which provided that the two children born of the marriage were the principal beneficiaries.

Mr. Palko died on June 18, 1973 and his will was admitted to probate on July 5, 1973. On July 22, 1974, the plaintiff filed a motion to reopen and set aside the judgment of divorce dated May 16, 1972. She attached to the moving papers an affidavit asserting that she was "astounded to learn he left a personal estate in excess of $175,000" and that "[a]ll during the course of the pretrial negotiations and conferences with my attorney, my former husband and his attorney, which were quite extensive, I relied upon the representations which the defendant made as to poverty." She also relied upon an affidavit of the attorney of record. He averred that the financial provisions of the settlement agreement "were predicated upon representations made to me" by the defendant's attorney. Conspicuous by its absence in his affidavit was any reference to representations made personally by the defendant.

No other affidavits were submitted on or before the return day of the motion and the plaintiff's counsel offered no testimony at that time. In fact, the plaintiff was not even present. Yet, she presumably had first hand knowledge of the alleged misrepresentations. At the oral argument on the motion plaintiff's counsel agreed that basically she was charging fraud. The trial court indicated that the affidavits did not spell out a case of fraud because the allegations were in generalities, that the affidavits did not specify any misrepresentations, and that during the matrimonial proceedings she could have ascertained all the facts. Although during the argument plaintiff's attorney requested a preliminary hearing as to the "questions of fraud and the issues of knowledge of the plaintiff when she executed" the agreement, he significantly made no offer of proof on either aspect. The offer added nothing to the affidavits.

The trial court also found that the estate had been principally bequeathed to plaintiff's two children in accordance

with the settlement agreement, and that the struggle was one between the wife and her two children. Consequently, it denied the motion.

The Appellate Division affirmed. 150 *N. J. Super.* 255 (App. Div. 1976). It agreed that the affidavits were insufficient. It pointed out that the motion to reopen was made 26 months after entry of the judgment and was outlawed by *R.* 4:50–2 which requires that relief from a judgment because of fraud, misrepresentation, or other misconduct of an adverse party must be made within one year; that the generalities in the affidavit did not satisfy "any other reason justifying relief from the operation of the judgment or order," *R.* 4:50–1(f), and that plaintiff has enjoyed "the advantage of defendant's fully executed covenant, incorporated in the judgment and now beyond modification, to leave unchanged a will executed prior to their agreement." 150 *N. J. Super.* at 255. The Appellate Division concluded that the trial court had not abused its discretion in refusing to vacate the judgment. As this Court has stated, a trial court's determination in an action on a motion to reopen a judgment will be left undisturbed unless it results from a clear abuse of discretion. *Hodgson v. Applegate,* 31 *N. J.* 29 (1959).

I would affirm essentially for the reasons expressed in the Appellate Division's opinion. Clearly, the plaintiff's claim was based on fraud, misrepresentation or other misconduct of her husband and his attorney — a basis encompassed by *R.* 4:50–1(c). In her brief filed in this Court she has claimed that the affidavits "raised *the* issue of whether there was an undue concealment by the defendant of a material fact to the prejudice of his wife which he had a duty to disclose and whether this constituted equitable fraud in connection with the negotiation of this property settlement agreement which would entitle the plaintiff to relief." In the oral argument before this Court counsel reiterated that his claim for relief was predicated on fraud. The majority implies that the plaintiff is moving on some basis other than fraud, misrepresentation or other misconduct. It fails to state what that broader

ground is and on the basis of her affidavits, brief and statement on oral argument, I cannot conceive of her claim being predicated on any other ground, particularly in view of the broad language in *R.* 4:50–1(c). This rule is modeled after Federal Rule 60(b)(3) and Professor Moore's comments concerning the identical language of *R.* 4:50–1(c) are particularly apropos.[1] He has explained that "[b]ecause Rule 60(b) is remedial and to be construed liberally, and because of the comprehensive sweep of 60(b)(3) any fraud, misrepresentation, circumvention or other wrongful act of a party in obtaining a judgment so that it is inequitable for him to retain the benefit thereof, constitute grounds for relief within the intendment of 60(b)(3)." 7 *Moore's Federal Practice* ¶ 60.24, at 287–288 (2d ed. 1975) (footnotes omitted). The expansive interpretation to be given *R.* 4:50–1(c) would seem to preclude the "any other reason" contemplated by *R.* 4:50–1 (f).

It is well settled that one who asserts fraud must allege with specificity the representation, its falsity, materiality, the speaker's knowledge or ignorance, and reliance. See *R.* 4:5–8(a); *cf. Foont-Freedenfeld Corp. v. Electro-Protective Corp.,* 126 *N. J. Super.* 254, 257 (App. Div. 1973), aff'd, 64 *N. J.* 197 (1974). The affidavits woefully fail to meet this test.

*R.* 4:50–1 specifies six grounds, (a) through (f), upon which relief from a judgment may be granted. *R.* 4:50–2 states that the motion *shall* be made within a reasonable time and for reasons (a), (b), and (c) not more than one year after the judgment was entered. The policy behind this rule is to put an end at some point in time to litigation. Where the relief must be sought within one year, the Rule should not be circumvented. Judge Goldmann in *Doyle v. Chase Manhattan*

---

[1] Both rules, the federal and state, provide for relief from a final judgment because of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . ."

*Bank,* 80 *N. J. Super.* 105, 125 (App. Div.), certif. den., 40 *N. J.* 508 (1963), succinctly states the proposition:

Relief may be granted under the "any other reason" provision of *subsection* (f) of *R. R.* 4:62-2 only where such reason is not one included among those specified in *subsections* (a), (b) and (c), and there is also a showing of extreme hardship and the equities clearly run in favor of the party applying for relief from the judgment.

Our rule is patterned, as indicated above, on Federal Rule 60(b) which also contains the one year limitation for the identical grounds stated in *R.* 4:50-1(c). Moore points out that such motions must be made within one year unless a fraud is perpetrated on the court or an independent action is instituted based on the fraud, neither of which is involved in this case. 7 *Moore's Federal Practice* ¶ 60.24, at 285-286 (2d ed. 1975). The federal rule has been uniformly interpreted to hold that a claim based on fraud, barred by the one year limitation, is not cognizable under the umbrella clause of "any other reason justifying relief." *Konigsberg v. Security National Bank,* 66 *F. R. D.* 439 (S. D. N. Y. 1975) ; *Petry v. General Motors Corp.,* 62 *F. R. D.* 357 (E. D. Pa. 1974) ; *see also Klapprott v. United States,* 335 *U. S.* 601, 614–615, 69 *S. Ct.* 384, 390, 93 *L. Ed.* 266, 277 (1948), modified, 336 *U. S.* 942, 69 *S. Ct.* 384, 93 *L. Ed.* 1099 (1949) and *Federal Deposit Insurance Corp. v. Alker,* 234 *F.* 2d 113, 116 n. 5 (3d Cir. 1956).

A trial court on a motion day is usually faced with a large number of motions and must necessarily rely on the moving papers. By imposing on a court the burden of holding plenary hearings under circumstances such as exist here, we increase the strain on its ability to handle an already overwhelming calendar.

I would affirm.

Justices Mountain and Clifford join in this opinion.

*For reversal and remandment*—Chief Justice HUGHES, Justices SULLIVAN, PASHMAN and Judge CONFORD—4.

*For affirmance*—Justices MOUNTAIN, CLIFFORD and SCHREIBER—3.