200 N.J. Super. 275 (1984)
491 A.2d 63
JOAN BERLIN, PLAINTIFF,
v.
EDWIN F. BERLIN, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
Decided December 19, 1984.
*277 Victor Hart for plaintiff. (Gladstone & Hart, attorneys.)
Peter J. Herzberg for defendant. (Greenbaum, Greenbaum, Rowe, Smith Bergstein, Yohlaem & Bruck, attorneys.)
SORKOW, J.S.C., P.J.F.P.
By motion, the Executrix of plaintiff wife's estate seeks to be substituted for plaintiff to enforce this court's prior order requiring the marital premises to be sold.
Plaintiff and defendant were divorced on June 3, 1977. Three children were born to the marriage all of whom are now emancipated. The final judgment of divorce incorporated a property settlement agreement between the parties. The agreement provided for the sale of the marital home located at 269 Gieve Drive, New Milford, New Jersey, as follows:
It is understood and agreed that the wife shall have exclusive right to remain in said premises for a period of three years from the date hereof, at which time the house shall be sold at a price agreed upon by the parties. Upon the sale *278 and after deducting the costs for payment of the brokerage fees and reasonable closing expenses, the parties will equally divide the proceeds.
The defendant has been living in the marital home for approximately five years. According to the agreement, the marital premises should have been sold by June 3, 1980.
The defendant has refused to comply with the Final Judgment causing the plaintiff to bring a motion in aid of litigant's rights. This court finding the agreed precondition having been met, signed an order for sale on March 8, 1984. On March 23, 1984, the plaintiff died testate. The marital home had yet to be sold. The children of the decedent underwent considerable financial stress throughout their mother's fatal illness and now seek their equitable share of the marital home. The defendant has been living in the marital home with his second wife and 12-year-old daughter from his second marriage. On July 29, 1984, the Executrix of plaintiff's estate brought this application for an order requiring the defendant to immediately comply with the court's order of March 9, 1984.
The first issue to be addressed by this court is one of jurisdiction: whether the Chancery Division/Family Part has continuing jurisdiction over this matter or whether the Chancery Division/General Equity Part should assume jurisdiction since there is no longer a matrimonial dispute now that plaintiff wife is deceased.
January 1, 1984, marked the birth of the Chancery Division/Family Part. Actions to be brought in the Family Part are now delineated in R. 5:1-2. That rule provides:
All civil actions in which the principal claim is unique to and arises out of a family or family type relationship shall be brought in the Family Part.
R. 4:75, now superceded, which controlled actions known as "family actions" reads:
Matrimonial actions shall be construed broadly to include all actions brought under N.J.S.A. 2A:34-1 thru 27, inclusive R.S. 9:2-1 to 11 inclusive ... and in general all actions directly involving the status of marriage awards to and support of spouses and former spouses ... claims between spouses and former spouses as to property claimed to be owned by them; ....
*279 In construing "matrimonial actions" broadly as directed by the above mentioned statute, this court finds that the Chancery Division/Family Part has continuing jurisdiction over an action commenced between live spouses despite the fact that one of the spouses has since died. The executor of plaintiff's estate should be substituted as party-plaintiff. Palko v. Palko, 73 N.J. 395, 398 (1977). The fact that one of the spouses is deceased and an executrix stands in her place will not cause this action to be removed from the Chancery Division/Family Part to General Equity. The court here is asked to enforce an award to a former spouse of her equitable share in the marital residence. As heretofore ordered, no new rights are sought. It is the matrimonial law being enforced, not the probate law being administered. "Equity looks upon that as done which ought to have been done." Story, Eq.Jur. § 64(g).
An action is to be entertained in the Chancery Division/General Equity Part where "the plaintiff's primary right or the principal relief sought is equitable or probate in nature." R. 4:3-1. In the present case, the relief sought by the plaintiff's executrix is not solely equitable or probate in nature. Rather, plaintiff's executrix seeks enforcement of the final judgment of divorce granted by this court as well as enforcement of this court's order dated March 9, 1984. Accordingly, this matter should and will remain in the jurisdiction of the Chancery Division/Family Part.
The second issue to be addressed by this court is whether the death of the plaintiff warrants relief from the operation of the final judgment of divorce or the court order of March 9, 1984. Clearly, the death of the plaintiff-wife is a changed circumstance. However, the issue is whether this "changed circumstance" is a change which would entitle the defendant to post-judgment relief under R. 4:50-1. R. 4:50-1 allows relief from a final judgment of divorce for the following reasons:
(a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under *280 R. 4:49; (c) fraud (whether heretofore denominated, intrinsic or extrinsic) misrepresentation or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged or a prior judgment or order upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or order should have prospective application or (f) any other reason justifying relief from the operation of the judgment or order.
This court interprets R. 4:50-1 and holds that the defendant is not entitled to the post-judgment relief afforded by the Rule. The defendant was under an obligation to comply with court orders. According to the final judgment, the marital home should have been sold in June 1980. The courts of New Jersey are entitled to have their lawful orders complied with. The defendant had close to four years to sell the marital home prior to the death of the plaintiff. The fact that the defendant avoided his court imposed obligation will now prevent him from relying on the catch-all language of R. 4:50-1(f). Relief from R. 4:50-1(f) is available only under very exceptional circumstances. Baumann v. Marinaro, 95 N.J. 380 (1984). The defendant is in effect estopped from relief due to his delay tactics.
In Parko v. Palko, supra, after defendant-husband's death plaintiff-wife sought to reopen the final judgment of divorce to set aside a portion of the incorporated separation agreement. The court remanded the matter to the trial court for a hearing based on the plaintiff's allegations that after the defendant's death, she discovered that the defendant had willfully withheld information during negotiations leading to the formation of the property settlement agreement. Palko is distinguishable from the case at hand as here there is no issue of fraud which would justify the granting of post judgment relief to the defendant. Thus, the defendant's reliance on Palko is misplaced.
The fact that the children of the marriage will eventually inherit their share of the home does not justify a deviation from the terms of the property settlement. Indeed, there is no guarantee that the defendant will devise the premises to them. Nor will this court consider the fact that defendant and his *281 second family are comfortably settled in the former marital home. That is a self-created circumstance and they should not benefit therefrom. The court orders that the defendant must abide by the terms of the property settlement as well as the court's order of March 9, 1984, and immediately place the marital premises up for sale, execute all documents required to effect the sale or be subject to sanctions of this court for failure to do so.
Counsel for plaintiff will submit an order in accordance with the foregoing opinion.