208 N.J. Super. 729 (1986)
506 A.2d 851
VERA D'ANGELO, PLAINTIFF,
v.
S. MICHAEL D'ANGELO AND DANIEL O'CONNOR, CO-EXECUTORS OF THE ESTATE OF WILLIAM A. D'ANGELO, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
January 24, 1986.
*730 Elliott Louis Pell for plaintiff.
Harold Seide for defendants (Keane, Brady & Hanlon, attorneys).
SORKOW, P.J.F.P.
This is plaintiff's motion to enforce litigants rights against a now deceased defendant's co-executors.
The parties hereto were divorced on December 6, 1984. A property settlement agreement was incorporated into the judgment of divorce. Before defendant could satisfy his obligations pursuant to the judgment, he died.
The property settlement agreement provided that William A. D'Angelo was to deliver certain personalty and convey title to some realty to plaintiff. Additionally, he was to make a cash payment in satisfaction of equitable distribution.
*731 More than one year has elapsed since the entry by consent of the judgment of divorce and plaintiff alleges that neither defendant nor his co-executors have complied with the terms of the judgment of divorce.
The paramount issue to be addressed is one of jurisdiction: whether this motion to enforce litigant's rights properly belongs in the Chancery Division/Family Part as a post-judgment enforcement proceeding or with the Law Division/Probate Part as a creditor's claim against the deceased husband's estate.
Plaintiff argues that this court can enforce its judgment against the decedent's estate routinely as with any other enforcement proceeding.
Defendant's co-executors argue that this case belongs in the Law Division/Probate Part because upon the death of defendant-husband the dissolution proceeding no longer has continuing efficacy. In addition, since the motion was filed directly upon the co-executor, they claim improper joinder because there is no court order authorizing their substitution in the matrimonial proceeding.
Actions to be brought in the Family Part are controlled by R. 5:1-2 which provides that:
All civil actions in which the principal claim is unique to and arises out of a family or family type relationship shall be brought in the Family Part.
The relief sought by plaintiff is not probate in nature. Rather, plaintiff seeks an enforcement of the final judgment of divorce which was entered by this court on December 6, 1984.
Clearly, this court has authority to enforce its own judgments. Joseph Harris and Sons, Inc. v. Van Loan, 23 N.J. 466, 469 (1957). To hold otherwise would frustrate the power of the court to enforce its own decrees. Welser v. Welser, 54 N.J. Super. 555, 564 (App.Div. 1959).
This court is being asked to enforce its own order; to wit, an award to the former spouse previously granted in a judgment of divorce. Plaintiff is not seeking any additional rights; only the enforcement of those previously granted. "It is the matrimonial *732 law being enforced, not the probate law being administered." Berlin v. Berlin, 200 N.J. Super. 275, 279 (Ch.Div. 1984).
While the Law Division/Probate Part has full authority to hear and determine controversies over wills, trusts and estates, it was not the intent of the Legislature to permit that court to encroach upon the general jurisdiction of the Superior Court, Chancery Division/Family Part given to it by the Constitution. N.J.S.A. 3B:2-1 (L. 1982). More particularly Art. VI, § III, Par. 3 of the New Jersey Constitution specifically provides for a Chancery Division/Family Part to hear causes arising out of the family relationship. The distribution of assets of a marital estate and performance of judgment/agreement obligations are logical extensions of the rule that allows a court to enforce its own orders.
The personal representatives of the decedent also contend that plaintiff should be treated as a creditor of the estate and that she should stand in line with other creditors that have filed claims against the estate. Her claim does not arise out of a debtor/creditor type relationship. Rather, plaintiff seeks to enforce property rights acquired while married to defendant. Had plaintiff, subsequent to the judgment of divorce, contracted with the decedent-husband to perform an obligation unrelated to her adjudicated property rights, then her claim would properly belong in the Law Division/Probate Part. Property rights arising out of a judgment of divorce are equitable in nature and should not be viewed in the same light as a creditor's claim. In Re Hoffman, 63 N.J. 69, 78-80 (1973).
Accordingly, this court finds that plaintiff's post-judgment enforcement proceeding against the personal representatives of the decedent will remain within the jurisdiction of the Chancery Division/Family Part.
The second issue to be addressed by this court is whether plaintiff may join the co-executors in a matrimonial action without court order. R. 4:28-1 controls the issue of joinder. That rule in part provides:

*733 (a) a person who is subject to service of process shall be joined as a party to the action if (1) in his absence complete relief cannot be accorded among those already parties, ... If he has not been so joined, the court shall order that he be made a party.
(c) This rule is applicable to the personal representatives of a deceased person described in R. 4:28-1(a).
The co-executors are indispensable parties since plaintiff will be without remedy in her post-judgment enforcement action in their absence. The co-executors of defendant's estate stand in the shoes of the deceased husband and should be joined as parties-defendant. Palko v. Palko, 73 N.J. 395, 398 (1977).
Consequently, the court confirms plaintiff's action of joinder and exercising its equitable authority sua sponte nunc pro tunc orders that the co-executors of William A. D'Angelo's estate be joined as parties-defendant in this action.
The result herein underscores the stated purpose of the recent consolidation of the several courts that previously had jurisdiction over family issues into a single unified Family Part of the Superior Court.
While plaintiff, if successful on the merits, may ultimately seek relief in the Probate Court, she will do so with the knowledge that her claim for relief was adjudicated by the court having subject matter jurisdiction as authorized by the New Jersey Constitution, the Legislature and the court rules.