211 N.J. Super. 69 (1986)
510 A.2d 717
JOAN A. MAQUILING, PLAINTIFF,
v.
ESTATE OF RENERITO M. MAQUILING, DECEASED.
Superior Court of New Jersey, Law Division Monmouth County.
February 28, 1986.
*71 Warren Brumel for plaintiff (Kantor, Kusic & Brumel, attorneys).
Jeffrey B. Gale for defendant (Sawyer, Gale & Doyle, attorneys).
MILBERG, A.J.S.C.
Plaintiff, Joan A. Maquiling, is the former spouse of the decedent, Dr. Renerito M. Maquiling. The parties entered into a property settlement agreement (hereinafter the "agreement") dated April 25, 1984, which was incorporated into their judgment for divorce dated May 8, 1984. The agreement provided that the "husband shall be obligated to maintain life insurance in the amount of $200,000 on his life naming the wife as beneficiary of $100,000.00."
Dr. Maquiling died a resident of Monmouth County on July 16, 1985. Decedent failed to maintain the requisite insurance although he did have a policy which paid plaintiff $50,000.
Plaintiff seeks to recover from the decedent's estate ("estate") the remaining amount due her pursuant to the judgment for divorce. The complaint in this matter was filed in the Superior Court, Law Division, on December 31, 1985.
Paragraph ten of the agreement reads:
LIFE INSURANCE
The husband shall be obligated to maintain life insurance in the amount of $200,000.00 on his life naming the wife as beneficiary of $100,000.00 and the children as beneficiaries with the wife as trustee of $100,000.00 as equal beneficiaries. The obligation to maintain the wife as beneficiary shall continue for as long as the husband is obligated to pay support to the wife. The obligation to maintain the children as beneficiaries with the wife as trustee shall continue until each of the children are emancipated. The husband shall supply documentary proof of the life insurance coverage and beneficiary designations on an annual basis. As each child becomes emancipated, the husband may reduce the amount of insurance by $50,000.00.
*72 The conditions which would terminate the obligation to support plaintiff, and thus the duty to maintain her as beneficiary of a life insurance policy, are contained in paragraph four:
The wife's allowance shall cease and terminate in all respects in the event of:
(a) The death of wife;
(b) The death of husband;
(c) The remarriage of wife;
(d) The commencing by the wife of cohabiting with any party unrelated by blood or marriage in avoidance of marriage.
The agreement was incorporated in the judgment for divorce entered by Judge Kennedy on May 8, 1984 (Ch.Div. - Family Part: Docket No. M-28720-83); it was not specifically approved therein.
The first issue, which I raise sua sponte, is jurisdictional. The court is asked to enforce a provision of a property settlement agreement which was the consequence of the matrimonial action. R. 5:1-2(a) provides: "All civil actions in which the principal claim is unique to and arises out of a family or family-type relationship shall be brought in the Family Part." See also R. 4:3-1(a)(2). Although there is no longer a matrimonial dispute now that the former husband is deceased, plaintiff seeks to enforce a settlement which grew out of the divorce; no new rights are sought. Cf. Berlin v. Berlin, 200 N.J. Super. 275, 278-279 (Ch.Div. 1984). Accordingly, this action should have been commenced in the Chancery Division, Family Part, as that court has continuing jurisdiction over an action commenced between live spouses despite the fact that one of them has since died. Id. at 279.
I therefore order that this matter is hereby transferred to the Chancery Division, Family Part, pursuant to R. 4:3-1(b). Since I am the presiding judge of the Family Part, I shall dispose of plaintiff's motion for summary judgment.
There has been no opposition from the estate to the motion for summary judgment.
*73 A property settlement agreement incorporated in a final judgment of divorce is enforceable in equity even though the court has neither made findings as to the adequacy or sufficiency of the agreement nor ruled on the merits of the agreement. See Edgerton v. Edgerton, 203 N.J. Super. 160 (App.Div. 1985); Davidson v. Davidson, 194 N.J. Super. 547, 553 (Ch.Div. 1984).
"[F]air agreements arrived at by mutual consent `should not be unnecessarily or lightly disturbed.'" Edgerton, 203 N.J. Super. at 171 (quoting Smith v. Smith, 72 N.J. 350, 358 (1977)). There is nothing repugnant about a property settlement agreement whereby one party must maintain life insurance on his life with his former spouse as beneficiary. See Raymond v. Raymond, 39 N.J. Super. 24, 30-31 (Ch.Div. 1956); cf. Davis v. Davis, 184 N.J. Super. 430, 436-438 (App.Div. 1982); see generally Annotation, "Divorce: Provision in Decree that One Party Obtain or Maintain Life Insurance for Benefit of Other Party or Child," 59 A.L.R.3d, § 9 at 9 (1974).
According to the agreement, the only events which would discharge Dr. Maquiling's obligation to maintain plaintiff as beneficiary under a policy of insurance on his life were the (1) plaintiff's death, (2) her remarriage, (3) her cohabitation with another out of wedlock, and (4) the death of Dr. Maquiling. Of course, the fourth instance would have resulted in payments to plaintiff had the decedent maintained the required life insurance.
Although specific performance is not the available remedy since the decedent can no longer be directed to pay the premiums for the policy on his life, plaintiff should be able to collect from his estate that which would be due had the premiums been paid. Lubin v. Lubin, 144 Cal. App.2d 781, 302 P.2d 49 (1956); see Flicker v. Chenitz, 55 N.J. Super. 273, 294 (App. Div. 1959); Equitable Life Assurance Society of U.S. v. Kretzschmar, 21 N.J. 129, 134-135 (1956). "Equity looks upon that as done which ought to have been done."
*74 Indeed, the agreement itself, at paragraph 48, states that its provisions are binding upon the respective heirs and executors of the parties. See Flicker v. Chenitz, supra, 55 N.J. Super. at 294.
Plaintiff has received one-half of her expectation of $100,000. Summary judgment is granted in her favor and against the estate in the amount of $50,000.