236 N.J. Super. 555 (1989)
566 A.2d 559
SYLVIA LOPATKIN, PLAINTIFF,
v.
ROBERT LOPATKIN (DECEASED), DEFENDANT.
Superior Court of New Jersey, Chancery Division, Family Part, Bergen County.
Decided March 2, 1989.
C. Maury, C. Knight for plaintiff.
Geoffrey Curran Rosamond for defendant.
*556 KAHN, J.T.C. (temporarily assigned).
This is an application by plaintiff, Sylvia Lopatkin, seeking a release of funds held in escrow. She also seeks to obtain bank records of her deceased husband, Robert Lopatkin. Mr. Rosamond, who had represented Mr. Lopatkin in the matrimonial matter prior to his death, has filed a cross-motion to dismiss the matter.
Mrs. Lopatkin filed a matrimonial action in late 1985. Mr. Lopatkin died on March 30, 1988 prior to a disposition of the divorce action.
In 1983, the business, which was owned and operated by Mr. Lopatkin and his sister (Selma Silver), was closed as a result of an interlocutory consent order entered by the New Jersey Division of Consumer Affairs. The property on which the business was located was sold and the proceeds placed in an escrow account. The reason the proceeds were placed in escrow is because the Silvers claimed they were due the entire proceeds.
The deed to these premises stated that the Silvers owned one-half as tenants-by-the-entireties and the Lopatkins owned the other half as tenants-in-the-entireties. The Silvers' claim to the entire proceeds was based on the fact that she alone owned the real estate and that Mr. Lopatkin still owed her money stemming from the business which should be satisfied from the proceeds. This dispute was initially settled when Selma Silver entered into a consent judgment dismissing the counts relating to the premises and Mr. Lopatkin entered into a consent judgment against himself in the amount of $45,000 in favor of Mrs. Silver.
After these consent judgments were entered, one-half of the proceeds were released from escrow to the Silvers. The Lopatkins' divorce action, which had been "on hold" pending resolution of the dispute with the Silvers, was given a trial date. The share of the proceeds belonging to the Lopatkins remained in *557 escrow, apparently awaiting action on the divorce. Mrs. Lopatkin seeks the release of the Lopatkins' share of these proceeds.
The initial issue that must be resolved is whether the Family Part is the proper forum for resolution of this matter. Mr. Rosamond, in his cross-motion, argues that the matter should be resolved in the Probate Part. Case law makes clear that, under certain circumstances, the Family Part has continuing jurisdiction after the death of one of the parties to a divorce action. The cases cited by Mrs. Lopatkin, D'Angelo v. D'Angelo, 208 N.J. Super. 729 (Ch.Div. 1986), Maguiling v. Maguiling Estate, 211 N.J. Super. 69 (Law Div. 1986) and In Re Hoffman, 63 N.J. 69 (1973), bear out this point. In none of these cases, however, was the connection between the matrimonial action and the dispute in question as remote as it is in this case.
In D'Angelo and Maguiling, as well as Berlin v. Berlin, 200 N.J. Super. 275 (Ch.Div. 1984), the Family Part was held to be the proper forum for the resolution of the issues despite the death of one of the parties. In each of the cases, the parties were divorced prior to the death of one of the parties. In each of the cases the right sought to be enforced stemmed from a judgment of a Family Part court.
The Hoffman case did involve a situation where one of the parties to a divorce action had died prior to a judgment of divorce and the rights of both parties were involved. The Hoffman case did not, however, involve the proper forum issue and the dispute in question was never heard in the Family Part.
The right Mrs. Lopatkin seeks to enforce stems from her ownership of property as a tenant-in-the-entirety. The connection to the marital action apparently is Mrs. Lopatkin's assertion that, but for the pending matrimonial action, the proceeds of the sale would not have remained in escrow. The funds were not ordered to remain in escrow by the court. They were initially placed in escrow for reasons that had nothing to do with the matrimonial action, and as a result of the agreement of *558 the parties. The release of the funds is not necessary to effectuate an order of this court.
The dispute involves the current status of proceeds of the sale of property which had been held as a tenancy-in-the-entireties. Mrs. Lopatkin's right to the proceeds is not completely clear. See Fort Lee Savings & Loan v. LiButti, 55 N.J. 532 (1970). The issue is one which can be addressed in the probate proceedings regarding Mr. Lopatkin's estate. The slender connection between the dispute and the matrimonial action is not sufficient to justify a resolution by this court. The matrimonial action is, therefore, dismissed.
Defendant's attorney shall draft the appropriate orders in accordance with this decision.