**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0065-18T2

MTGLQ INVESTORS, LP,

      Plaintiff-Respondent,

v.

WILLIAM MEDEL,

      Defendant-Appellant,

and

MRS. WILLIAM MEDEL,
wife of WILLIAM MEDEL,

      Defendant.

_____

Submitted September 10, 2019 – Decided September 16, 2019

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-005117-16.

Tomas Espinosa, attorney for appellant.

Stern & Eisenberg PC, attorneys for respondent (Salvatore Carollo, on the brief).

PER CURIAM

Defendant William Medel appeals from a General Equity Part order denying his application, by way of an order to show cause, to vacate a final foreclosure judgment and summary judgment, and to stay a sheriff's sale of residential property. We affirm.

In 2006, defendant borrowed $366,800 from American Mortgage Network Inc., (AMN), the predecessor of plaintiff MTGLQ Investors, LP, and executed a note for the loan's repayment through monthly payments over a thirty-year period. To secure the loan's repayment, defendant executed a purchase money mortgage to AMN's nominee, Mortgage Electronic Registration Systems, Inc., encumbering defendant's realty in Clifton. In September 2009, defendant defaulted on payments. Through a series of assignments and mergers, the mortgage was eventually assigned to Ditech Financial, LLC, which commenced this action to foreclose the property in February 2016.[1]

---

[1] Ditech had assigned the mortgage to plaintiff in October 2016. The assignment was recorded the following month. In May 2017, a General Equity judge (first motion judge) issued an order substituting plaintiff in this action pursuant to that assignment.

A-0065-18T2

Following the filing of defendant's pro se answer and a gamut of counterclaims and defenses, Ditech moved for summary judgment. The first motion judge denied relief. Notably, the judge rejected defendant's statute of limitations argument, but determined defendant's claim that he did not sign the note was a genuine issue of material fact to be resolved at trial.

Prior to trial, defendant was deposed and said: "There was [sic] plenty of the documents at the closing that were signed, but the document in question are [sic] initials, it's not a signature and I don't recall using those squiggly – it doesn't look like my initials." Defendant could not "recall with absolute certainty" whether he initialed the note, contending the initials looked like "WN" instead of his initials, "WM." Defendant acknowledged he was not claiming the loan terms were incorrect, that he did not take out the loan, or that someone forged his name. Instead, defendant testified he thought the note was fraudulent because he did not think it "was endorsed properly."

The motion judge then granted plaintiff's opposed omnibus motion: for summary judgment; to strike defendant's contesting answer and defenses; to dismiss his counterclaims; to enter default against defendant; and to return the case to the foreclosure office to proceed as an uncontested action. Defendant opposed plaintiff's ensuing motion for final judgment. The clerk's office then

notified defendant that his objection was "[r]eceived but not filed" because he failed to properly "dispute the correctness of [p]laintiff's [c]ertification of [a]mount due and include specific language pursuant to Rule 4:64-1(d). On March 2, 2018, final judgment was entered.

Defendant appeals, maintaining the same arguments he made before the motion judge: (1) the amounts reflected in the final foreclosure judgment were incorrect; (2) plaintiff lacked standing to file the action; (3) the complaint was time-barred by the statute of limitations; (4) the loan was illegal from its inception because the original lender was not licensed in New Jersey; and (5) he did not sign the note, so it is non-negotiable. We have considered these contentions in light of the record and applicable legal principles, and conclude they are without sufficient merit to warrant extended discussion in our written opinion. R. 2:11-3(e)(1)(E). Applying our deferential standard of review, U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012), we affirm substantially for the reasons expressed in the motion judge's cogent oral decision. We add the following brief remarks.

Although defendant failed to specify which sections of Rule 4:50-1 he was relying upon, none of them provides grounds for his prayers for relief. Under Rule 4:50-1(a), a defendant must show excusable neglect and a meritorious

4

defense. Guillaume, 209 N.J. at 468. Relief under Rule 4:50-1(f) is reserved for "exceptional situations" where "truly exceptional circumstances are present." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (citation omitted). Defendant has failed to satisfy either criteria, or any other section of the rule. To the extent defendant seemingly argued fraud, Rule 4:50-1(c), or that the judgment was void, Rule 4:50-1(d), there is no merit to those contentions.

In particular, a motion to vacate a final judgment based on fraud under subsection (c) of the Rule, requires the movant to "allege with specificity the representation, its falsity, materiality, the speaker's knowledge or ignorance, and reliance." Palko v. Palko, 73 N.J. 395, 401 (1977) (Schreiber, J., dissenting); see also State v. Hill, 267 N.J. Super. 223, 226 (App. Div. 1993), rev'd on other grounds, 136 N.J. 292 (1994). Defendant made no specific allegations here. Rather, as the motion judge aptly observed, "defendant did not deny signing the [note]. He said he didn't sign it because initials [are] not a signature." Like the present motion judge and the first motion judge before him, we reject any suggestion of fraud as groundless.

Because defendant provided nothing more than a "bald certification" to support his argument that the American Mortgage Network was not licensed as a lender in New Jersey, we likewise reject any semblance of an argument that

5

the judgment was void under <u>Rule</u> 4:50-1(d).  In a similar vein, the motion judge correctly determined defendant failed to offer any reasons to support his claim that "the final amount due was wrong by $26,000."  <u>See</u> <u>R.</u> 4:64-1(d)(3).

And, even if defendant was correct that plaintiff lacked standing to file its complaint, in the "post-judgment context, lack of standing would not constitute a meritorious defense to the foreclosure complaint."  <u>Deutsche Bank Nat'l Tr. Co. v. Russo</u>, 429 N.J. Super. 91, 101 (App. Div. 2012).  Standing is therefore "not a jurisdictional issue in our State court system and . . . a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of <u>Rule</u> 4:50-1(d)."  <u>Ibid.</u>

We agree with the motion judge that "[t]he only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises."  <u>Great Falls Bank v. Pardo</u>, 263 N.J. Super. 388, 394 (Ch. Div. 1993), <u>aff'd o.b.</u>, 273 N.J. Super. 542 (App. Div. 1994).  "[W]e [have] held that either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing."  <u>Deutsche Bank Tr. Co. Ams. v. Angeles</u>, 428 N.J. Super. 315, 318 (App. Div. 2012).

A-0065-18T2

There is no dispute that Ditech possessed the note at the time it filed the foreclosure complaint; Ditech then assigned the mortgage to plaintiff, which duly recorded the assignment. It is also undisputed that defendant defaulted in payments on the note and no one forged plaintiff's signature or initials on the note. The foreclosure judgment was properly entered and defendant's motion to vacate that judgment and summary judgment was properly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0065-18T2