**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5431-17T3

KARA D. PECK,

      Plaintiff-Respondent,

v.

HARRY JAY LEVIN, PC
d/b/a LEVIN CYPHERS,
a law firm, HARRY JAY
LEVIN, an individual,

      Defendants,

and

COLLEEN CYPHERS,
an individual,

      Defendant-Appellant,

and

HARRY JAY LEVIN, PC
and HARRY JAY LEVIN,
an individual,

      Third-Party Plaintiffs,

v.

JENNIFER SEIBERT,

    Third-Party Defendant.

_____

Submitted October 15, 2019 – Decided January 27, 2020

Before Judges Rothstadt, Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0413-15.

Colleen Flynn Cyphers, appellant pro se (Colleen Flynn Cyphers and Stuart M. Berger, on the briefs).

Carella, Byrne, Cecchi, Olstein, Brody & Agnello, attorneys for respondent (Christopher H. Westrick, of counsel and on the brief; Megan A. Natale, on the brief).

PER CURIAM

Defendant Colleen Cyphers, a self-represented attorney, appeals from Judge Mara E. Zazzali-Hogan's order that: denied defendant's motion to correct a clerical error in an order previously entered by another judge (the first judge), compelling plaintiff Kara Peck to pay frivolous-litigation attorney's fees pursuant to N.J.S.A. 2A:15-59.1 and Rule 1:4-8; and vacated that counsel-fee order. Counsel fees were awarded after the first judge granted summary judgment to defendant and dismissed plaintiff's complaint that alleged, as a partner in a law firm that had employed plaintiff, defendant aided and abetted

2

A-5431-17T3

the alleged sexual harassment plaintiff endured at the hands of another partner in the firm. Plaintiff had not dismissed the complaint against defendant after receipt of two notices of frivolous litigation, and on April 20, 2017, the first judge ordered plaintiff to pay $23,040 in counsel fees to defendant within sixty days; the judge issued a statement of reasons on July 11, 2017. On September 21, 2017, the first judge granted a stay of his July 11, 2017 order "until the issue of the award of attorney's fees is decided on appeal," finding plaintiff was unemployed and did not have the ability to pay counsel fees.

Almost four months after judgment was entered in favor of the remaining defendants, after a jury returned a no-cause verdict on March 9, 2018, defendant moved to amend the April 20, 2017 order to specify that counsel fees were ordered to be paid by plaintiff's counsel, as well as plaintiff. Thirteen days later, plaintiff cross-moved for reconsideration of the order, requesting that it be vacated. This appeal follows Judge Zazzali-Hogan's rulings, including her determination that defendant could not recover frivolous-litigation attorneys' fees because she represented herself defending plaintiff's action.

Defendant first argues, because plaintiff's motion was meritless, there was no basis to overturn the first judge's order, and defendant is entitled to attorneys' fees even though she represented herself. We determine Judge Zazzali-Hogan

3

correctly recognized the first judge did not apply the controlling precedent and was well within her discretion in granting relief from the order awarding counsel fees.

It is undisputed that defendant's affidavit of services listed the hours only she spent on her defense.[1] She did not incur fees. Even the first judge, in granting plaintiff's stay application, found defendant, "represented herself pro-se, and did not spend any money for counsel fees in this lawsuit, only her time."

Denying fees to a self-represented attorney was considered the "better rule" by our Supreme Court when it reversed a counsel-fee award to an attorney who had represented herself in proceedings relating to her role as a parent coordinator. Segal v. Lynch, 211 N.J. 230, 263-64 (2012). The Court perpended the competing arguments regarding awards to pro se attorneys and found "the reasoning of those precedents that reject counsel fee awards to attorneys who represent themselves to be persuasive in the circumstances of [that] appeal." Id. at 264. One basis for the Court's decision was its discernment that allowing fees to a self-represented lawyer would "compensate[] for [his or] her time expended in securing relief when [non-lawyers] who represent themselves would be

---

[1] N.J.S.A. 2A:15-59.1(c)(2) requires a party seeking frivolous-litigation fees to submit an affidavit that states the amount paid in fees. (Emphasis added).

precluded from being compensated for their time."  Ibid.  We are persuaded that the same rationale applies to the facts of this case.

As we held in in Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510 (App. Div. 2009),  reversing an award of counsel fees under Rule 1:4-8 to a self-represented law firm, id. at 547,

> [t]o compensate an attorney for his lost hours would confer on the attorney a special status over that of other litigants who may also be subject to frivolous claims and are appearing pro se. There is nothing to indicate that that was the intent of the rule.  As stated in Aronson v. U.S. Dep't of Hous. & Urban Dev., 866 F.2d 1, 5 (1st Cir. 1989),
>
>> [n]or are we impressed by the argument that a pro se lawyer should be awarded fees because of the time he/she must spend on the case.  The inference is that the time so spent means the sacrifice of fees he/she would otherwise receive.  But a lay pro se must also devote time to the case.  If such a litigant is a professional person, such as an author, engineer, architect, etc.[,] the time expended may also result in loss of income. Lawyers are not the only persons whose stock in trade is time and advice.
>
> [Id. at 546.]

Here, as we also determined in Albert,

> [t]he plain language of the rule compensates a movant solely for reasonable attorneys' fees and other expenses incurred as a result of the frivolous claim.  If reasonable

attorneys' fees are not actually incurred by a litigant as a direct result of a frivolous claim, they are not compensable under the rule as presently written. We find, therefore, that an attorney appearing pro se is not entitled to fees unless they are actually incurred as opposed to imputed.

[Id. at 547.]

Inasmuch as defendant was the only attorney who provided services in her defense, and she paid no legal fees to any other counsel, we see no reason to disturb Judge Zazzali-Hogan's sound discretionary application of the correct law, see Mancini v. EDS ex rel N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993). Plaintiff demonstrated that enforcement of the first judge's order "would be unjust, oppressive or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999) (quoting Quagliato v. Bodner, 115 N.J. Super. 133, 138 (App. Div. 1971)). Judge Zazzali-Hogan granted relief, under Rule 4:50-1(f), in this exceptional case as "need[ed] to achieve equity and justice." Palko v. Palko, 73 N.J. 395, 398 (1977)(quoting Ct. Inv. Co. v. Perillo, 48 N.J. 334, 341(1966)).

There is no merit to defendant's claim that the first judge, not Judge Zazzali-Hogan, should have decided these motions. Defendant did not object or file a recusal motion. Her failure to raise the issue to Judge Zazzali-Hogan

would normally result in our declination to consider the issue.  <u>Nieder v. Royal Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973).  We will, however, address it.

Previously, <u>Rule</u> 1:6-2(d) included language that required "'insofar as is practicable,' all subsequent motions should 'be heard by the same judge who heard the first motion in the cause.'"  <u>See</u> <u>O'Brien v. O'Brien</u>, 259 N.J. Super. 402, 406 (App. Div. 1992) (quoting <u>R.</u> 1:6-2(d) (1993)).[2]  "This provision was intended 'to avoid the potential for inconsistent results, and to afford [the court and] the parties the advantages of a single judge's familiarity with the matter.'" <u>Ibid.</u>  (quoting Pressler, <u>Current N.J. Court Rules</u>, cmt. 2 on <u>R.</u> 1:6-2 (1993)); <u>see also</u> <u>Salch v. Salch</u>, 240 N.J. Super. 441, 444 (App. Div. 1990) (finding that a motion for new trial under <u>R.</u> 4:49-1 "must be made before the trial judge who presided over the case" because "the outcome of the motion will depend in great measure on what the judge has seen and heard, 'the feel of the case'"). Nevertheless, the "rule d[id] not <u>require</u> the same judge to hear . . . motions, particularly in . . . straightforward . . . matter[s][.]"  <u>Glass v. Suburban Restoration Co., Inc.</u>, 317 N.J. Super. 574, 581 (App. Div. 1998) (emphasis added).

---

[2]  The provision was deleted by amendment effective September 2000 because of the single-judge case management required by <u>R.</u> 4:5B-1.

That practice has been codified in our current <u>Rules</u> that require a designated judge to hear all pretrial motions until discovery is completed; thereafter, applications are to "be made to the Civil Presiding Judge or designee." <u>R.</u> 4:5B-1. Our procedural system has endeavored to have matters decided by a single judge because of that judge's knowledge of the case. In this case, Judge Zazzali-Hogan presided over the trial of the remaining defendants and was fully familiar with the case.

Although we previously disapproved of a movant's bringing a <u>Rule</u> 4:50-1 motion before a judge other than the one who entered the order being challenged, <u>Quagliato</u>, 115 N.J. Super. at 137, we did so because the circumstances there did not involve an erroneous interpretation of law, but a ruling by the second judge that the first order was simply "inadvertently entered," <u>id.</u> at 138. We determined the first order, consolidating two personal injury actions for a damages-only trial, "was entirely correct," and it was error to grant a motion under <u>Rule</u> 4:50-1(f). <u>Id.</u> at 140. That is not the case here where the first order was improvidently entered because of an erroneous interpretation of law.

Because consideration of the <u>Rule</u> 4:50-1 motion involved an interpretation of law, not a fact-sensitive issue, Judge Zazzali-Hogan, contrary

to defendant's contention, did not need a "feel" for the parties' arguments in the underlying motion for counsel fees. The motion, in essence to apply the correct law to the attorneys' fees issue, was straightforward. See Glass, 317 N.J. Super. at 581. The first judge did not have insight superior to that of Judge Zazzali-Hogan that would have afforded the parties more uniform justice. Indeed, Judge Zazzali-Hogan reached the correct result. Under these circumstances, there was no need for her to cede decision on the motion to the first judge.

Defendant argues plaintiff's motion was untimely. We agree plaintiff's motion was made well outside the twenty-day parameter of Rule 4:49-2.[3] Judge Zazzali-Hogan, however, decided the motion under Rule 4:50-1(f), which requires only that the motion be filed within a reasonable time, R. 4:50-2, and a resolution of that issue is dependent upon the totality of the circumstances, Lee v. W.S. Steel Warehousing, 205 N.J. Super. 153, 156 (App. Div. 1985) (noting that determination of whether a R. 4:50-1(f) motion was filed within a reasonable time is "dependent upon the totality of the circumstances").

The motion was made at approximately the same time defendant moved to correct an error made in April 2017, about four months after the final

---

[3] Generally, motions for reconsideration "shall be served not later than 20 days after service of the . . . order upon all parties by the party obtaining it." R. 4:49-2.

judgment in the case was entered. The order for payment of counsel fees had been stayed. Most importantly, the motion sought to correct a misapplication of the law. In that Rule 4:50-1 "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case," Tenby Chase Apartments v. N.J. Water Co., 169 N.J. Super. 55, 59-60 (App. Div. 1979) (quoting Manning Engineering, Inc. v. Hudson Cty. Park Comm'n, 74 N.J. 113, 121 (1977)), we conclude the motion was filed within a reasonable time.

We also note Judge Zazzali-Hogan considered the same grounds advanced for the Rule 4:49-2 motion in considering the motion under Rule 4:50-1. Defendant did not object, file a motion for reconsideration with the judge, or argue on appeal that that procedure was improper. Defendant had fair opportunity to address the grounds—and so did—so there was no resultant prejudice from the judge's rectification of the first judge's legal error.

In light of our decision affirming the decision to vacate the counsel-fee award, we need not address the balance of the parties' arguments, including that related to defendant's motion to correct the clerical error in the first judge's order. We do not address defendant's contention that she is entitled to costs incurred in defense of the action. That issue was not previously raised. Nieder,

62 N.J. at 234. We further perceive defendant did not apply to the first judge for costs; her affidavit of services delineates only billable hours, and the first judge did not consider or award costs.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5431-17T3