**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2479-20

DINA A. MELUCCI,

     Plaintiff-Respondent,

v.

RICHARD ZISS,

     Defendant-Appellant.

_____

Submitted March 16, 2022 – Decided March 29, 2022

Before Judges Gooden Brown and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1368-05.

Lawrence H. Kleiner, LLC, attorneys for appellant (Lawrence H. Kleiner, of counsel and on the briefs).

Dell'Italia & Santola, attorneys for respondent (John P. Dell'Italia, on the brief).

PER CURIAM

In this post-judgment matrimonial action, defendant appeals the denial of his cross-motion, in which he sought a temporary reduction in his monthly alimony obligation and an abatement of any effort to collect his alimony arrears due to an alleged change in circumstances. Because the trial court did not issue a decision setting forth its findings of fact or conclusions of law on the cross-motion as required by Rule 1:7-4(a), we vacate the order and remand for further proceedings.

The parties were married on February 23, 1991, and divorced on December 13, 2005. The judgment of divorce incorporated a Property Settlement Agreement (PSA) under which defendant was obligated to pay plaintiff $1,475 per month for permanent alimony. Defendant also was required to make monthly "additional equitable distribution" payments to plaintiff in the amount of $725 from 2005 to 2012, $525 from 2012 to 2017, and $475 in 2018, at which time "this obligation shall be deemed paid in full."

On October 5, 2020, plaintiff filed a motion to enforce her rights, asking the court to compel defendant to pay her $1,530 in arrearage on equitable distribution payments, $9,950 in alimony arrearage, and $2,500 in counsel fees. Defendant opposed plaintiff's motion and cross-moved. In support of his cross-motion, defendant submitted a certification in which he asserted his business as

2

a registered piano technician was "down over 80% since the onset of the [COVID-19] pandemic." He attached documents regarding his church, school, and private clients he claimed supported that assertion. Defendant certified he was "unable to pay [his] own bills" and able to pay plaintiff only $475 per month toward his alimony obligation since the "State shut down in March [2020]." He "request[ed] a moratorium on the collection of the monies [he] owe[d] the [p]laintiff," stating he was "not seek[ing] a modification, . . . [or] not to pay [plaintiff] what [the parties had] bargained for [fifteen] years ago" but rather "simply want[ed] an abatement on collection until the State returns to normalcy." He stated he was "hopeful [he] will be able to pay . . . [p]laintiff at her regular rate [and] arrears . . . once the pandemic is over."

Plaintiff opposed the cross-motion, submitting a certification in which she asserted only a portion of defendant's work came from schools, churches, and institutions and faulted defendant for not providing the court with an accurate accounting of his financial situation. She contended, "[d]efendant has presented no financial proof to warrant an abatement of the arrearage for the reduction in alimony."

On April 12, 2021, the trial court granted the equitable-distribution and alimony aspects of plaintiff's motion, denied her fee application, and denied

3

defendant's cross-motion.  The court indicated in the order it had heard the matter on December 4, 2020.  We were not provided with a copy of the transcript of those proceedings.  In its ordering paragraph regarding plaintiff's motion, the court stated:

> The Chancery Division, Family Part has the power to enforce its own orders.  D' Angelo v. D' Angelo, 208 N.J. Super. 729, 731 (Ch. Div. 1986).  In addition, R[ule] 1:10-3 provides relief to litigants for failure of a party to comply with the terms of an order upon application. . . .  Pursuant to paragraph 9 of the parties' [PSA], [d]efendant was ordered to pay [p]laintiff the sum of $1,475.00 per month in permanent alimony.  Furthermore, pursuant to paragraph 6 of the PSA, [d]efendant was ordered to pay [p]laintiff varying amounts each month in equitable distribution.  For 2018, [d]efendant was to pay [p]laintiff the sum of $475.00 per month in equitable distribution.  Plaintiff has provided to the [c]ourt bank statements and checks showing that [d]efendant owes [p]laintiff $l,250.00 in equitable distribution arrears and $9,950.00 in alimony arrears.  As such, [d]efendant shall make a lump sum of $11,200.00 to [p]laintiff within thirty (30) days of the date of this order.

The court said nothing about defendant's cross-motion in that paragraph.  In the next paragraph, the court stated only that "[d]efendant's cross-motion is hereby DENIED in its entirety."  The court did not support that determination with any findings of fact, conclusions of law, or any other explanation regarding why it was denying defendant's cross-motion and request for relief from his alimony

4

and equitable-distribution obligations based on his alleged change in circumstances. The court did not indicate in its order it had placed a decision on the record or had issued a written decision.

In a letter dated April 27, 2021, defendant's counsel requested "the [c]ourt provide . . . a copy of findings or an opinion that may have been placed on the record outside of counsel's presence, or if not, whether the Judge will be filing a statement or opinion." According to defendant, that "inquiry went unanswered."

On appeal, defendant argues he "was entitled to a partial abatement of alimony, a finding in his favor on the issue of equitable distribution, or alternatively the defendant was entitled to a plenary hearing on the issues presented," citing Lepis v. Lepis, 83 N.J. 139 (1980), and contends "the [c]ourt failed in its basic duty to make adequate findings of fact and conclusions of law."

"We have frequently noted that an articulation of reasons is essential to the fair resolution of a case." Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000); see also Gormley v. Gormley, 462 N.J. Super. 433, 449 (App. Div. 2019). "A judge has a duty to make findings of fact and conclusions of law 'on every motion decided by [a] written order[] that [is] appealable as of

right.'" Schwarz, 328 N.J. Super. at 282 (quoting R. 1:7-4(a)). "Failure to perform that duty 'constitutes a disservice to the litigants, the attorneys and the appellate court.'" Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adjustment of Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)). Moreover, "[n]aked conclusions do not satisfy the purpose of R[ule] 1:7-4." Id. at 570. "When a trial judge issues reasons for a decision, it 'must state clearly [his or her] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Gormley, 462 N.J. Super. at 449 (alterations in original) (quoting Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016)).

Here, defendant cross-moved for a temporary downward modification of his alimony obligation, a moratorium on his arrearages, and a ruling stating his equitable-distribution obligation was satisfied. Defendant supported the cross-motion with a certification and exhibits. In opposition, plaintiff contested his assertions, arguing defendant had failed to support adequately his claims regarding the alleged pandemic-related downturn in his piano business and had not provided a complete picture of his financial situation. The trial court did not address the parties' arguments regarding defendant's cross-motion, did not make

6

any findings of fact regarding defendant's alleged changed circumstances, did not perform any legal analysis under <u>Lepis</u>, 83 N.J. 139, and did not explain its denial of defendant's cross-motion.

Because the trial court "[f]ail[ed] to perform [its] duty" pursuant to <u>Rule</u> 1:7-4(a), <u>Curtis</u>, 83 N.J. at 569, we are constrained to vacate the order and remand, directing the trial court to issue a decision in accordance with <u>Rule</u> 1:7-4(a). We otherwise take no position on the issues before the trial court.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-2479-20