For the above reasons, I would affirm the Chancery judge's decision.

613 A.2d 1170

CECELIA T. O'BRIEN, PLAINTIFF–RESPONDENT, v.
JOHN A. O'BRIEN, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 15, 1992—Decided September 28, 1992.

Before Judges MICHELS, BILDER and BAIME.

*Marra, Gerstein & Richman,* attorneys for appellant (*Anthony J. Marra, Jr.,* on the brief).

*Mink & Meislik,* attorneys for respondent (*Rosalind S. Mink,* on the brief).

The opinion of the court was delivered by

BAIME, J.A.D.

Defendant appeals from the Family Part's denial of his motion for reconsideration of an application to reduce child

support. The prior motion, which was predicated upon defendant's claim that he had been terminated from his place of employment, was denied on the documentary submissions without a statement of reasons. The judge who decided the original motion was then transferred. Defendant's motion for reconsideration was heard by another judge who had recently been assigned to the Family Part. In denying defendant's application for reconsideration, the judge noted that the original motion was not accompanied by an updated case information statement. Although defendant had corrected that omission in his motion for reconsideration, the judge found no basis to modify the order previously entered. In a brief oral opinion, the Family Part made no specific findings, but instead denied defendant's motion "for whatever reasons [the judge who decided the original application] may have expressed." We reverse and remand the matter to the Family Part judge who decided the original motion.

The salient facts can be succinctly stated. The parties were divorced on April 28, 1980. Plaintiff was granted custody of the parties' two children and defendant was ordered to pay alimony and child support. In addition, defendant was directed to maintain health and medical insurance for the benefit of the children. Over the years, defendant's salary as a computer consultant increased. In various post-divorce judgment orders, the Family Part terminated defendant's alimony obligation, but increased child support. On April 9, 1991, the Family Part ordered defendant to pay $432 per week for child support. At the time, defendant was earning $116,000 gross income.

On June 28, 1991, defendant moved to reduce child support on the basis that he had been terminated from his employment approximately one month earlier. In his supporting affidavit, defendant asserted that he was unable to find a job and that his sole source of income was unemployment compensation. He also contended that his medical and health insurance for the children had been terminated when he was discharged.

On August 28, 1991, the Family Part entered an order denying defendant's motion and directing him to pay all arrears within 90 days. The court ordered plaintiff to attempt to obtain medical and health insurance from her employer and directed defendant to reimburse her if she were successful. In the event plaintiff could not obtain "the same coverage," defendant was ordered to reinstate his insurance at his own expense. As we noted previously, defendant's motion was decided on the papers and no statement of reasons was provided.

Defendant filed a timely motion for reconsideration returnable on September 27, 1991. In his supporting affidavit, defendant related that he had obtained employment as an independent computer consultant on July 31, 1991. He was to be paid $375 per day until April 1992, at which time his employment relationship was to be reviewed. Defendant anticipated working 44 weeks a year, allocating four weeks for vacation, two weeks for unpaid holidays and two weeks of sick time. He estimated that he would have a gross income of $82,500, $33,500 less than his previous salary.

Defendant's motion was assigned to a judge recently transferred to the Family Part. The judge observed that he was in an "awkward position," because he had not decided the original motion. While noting that "there was [not] enough information" before the judge who had decided the motion to reduce and that no findings had been made, the court refused to modify the prior order, citing "whatever reasons ... may have been expressed" previously.

It is against this factual backdrop that we consider defendant's arguments that (1) the motion for reconsideration should have been assigned to the judge who decided the original application, and (2) neither judge provided findings of fact and legal conclusions sufficient to support the result reached. We agree with both contentions.

Initially, the transfer of the judge who had decided the motion to reduce child support should not have interfered with

what was required for a fair and just resolution of the question of changed circumstances raised by the application for reconsideration. The motion for reconsideration should have been assigned to the judge who decided the original application. *R.* 1:6–2(d) was recently amended to provide that "insofar as is practicable," all subsequent motions should "be heard by the same judge who heard the first motion in the cause." This provision was intended "to avoid the potential for inconsistent results, and to afford the parties the advantages of a single judge's familiarity with the matter." Pressler, *Current N.J. Court Rules,* comment on *R.* 1:6–2 (1993). Although the amendment was not in effect when defendant's motion for reconsideration was decided, its mandate is a matter of common sense and was foreshadowed by our opinion in *Salch v. Salch,* 240 *N.J.Super.* 441, 444, 573 *A.*2d 520 (App.Div.1990). There, we said that "all matrimonial counsel fee motions should be directed to the judge who has had responsibility for the case...." *Ibid.*

This principle applies with equal force here, where the judge who decided the motion to reduce had great exposure to the underlying issues and the newly assigned Family Part judge was a stranger to the case. The rule has particular applicability because the original order denying the motion to reduce was not accompanied by a statement of reasons. This is not to suggest that regardless of his or her status a judge is wedded forever to any case in which he or she has had the slightest involvement. The principle we adopted in *Salch v. Salch* "is a rule of reason." *Id.* at 444, 573 *A.*2d 520. In the context of the facts here, the policy concerns we have identified strongly militated in favor of assigning the motion for reconsideration to the judge who decided the original application.

■ That leads us to defendant's second argument. The judge who decided the motion to reduce made no findings of fact or legal conclusions, as required by *R.* 1:6–2(f). Moreover, the cryptic and enigmatic findings of the judge who decided the

motion for reconsideration were clearly inadequate. It bears repeating that an articulation of reasons is essential to the fair resolution of a case. The failure to perform this duty "constitutes a disservice to the litigants, the attorneys and the appellate court." *Curtis v. Finneran,* 83 *N.J.* 563, 569–70, 417 *A.2d* 15 (1980). Although the information before us is perhaps amenable to the conclusion that defendant is presently able to satisfy his support obligation without modification, the documentary submissions do not indicate whether his current employment is permanent. We stress that no findings were made on this and other relevant issues. *See Lepis v. Lepis,* 83 *N.J.* 139, 151, 416 *A.2d* 45 (1980).

We thus find it necessary to reverse the order denying reconsideration and remand for further proceedings before the judge who denied the motion for a reduction. The parties are directed to provide the Family Part judge with updated information concerning the issues presented.

The order appealed from is reversed and the matter is remanded for further proceedings consistent with this opinion.