**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0602-15T4

OCWEN LOAN SERVICING, LLC,

    Plaintiff-Respondent,

v.

ROBERT M. VARGAS,

    Defendant-Appellant.

_____

Argued May 16, 2017 — Decided August 7, 2017

Before Judges Fisher and Ostrer.

On appeal from the Superior Court of New
Jersey, Chancery Division, Bergen County,
Docket No. F-32025-14.

Justin M. Gillman argued the cause for
appellant (Gillman and Gillman, LLC,
attorneys; Mr. Gillman, on the briefs).

Edward W. Chang argued the cause for
respondent (Blank Rome LLP, attorneys; Donna
M. Bates and David A. DeFlece, on the brief).

PER CURIAM

Defendant Robert M. Vargas appeals from the dismissal with

prejudice of counterclaims he filed in response to a foreclosure

action by plaintiff Ocwen Loan Servicing, LLC.  Ocwen thereafter

voluntarily dismissed its foreclosure complaint. Because the trial court failed to explain the basis for its dismissal, we vacate the court's order and remand for a statement of reasons pursuant to Rule 1:7-4.

The mortgage has been the subject of a longstanding dispute over defendant's allegedly delinquent payments. GMAC Mortgage Corporation of PA (GMAC) was the initial lender when the mortgage originated in 1994. Defendant first fell behind on mortgage payments in 1998. He filed for Chapter 13 bankruptcy the following year. The amount owed GMAC was incorporated in his Chapter 13 plan. Defendant completed the plan in 2003 and received a discharge from all debts.

This discharge did not end the dispute over payments, however. GMAC and defendant engaged in at least three rounds of litigation between 2004 and 2010 over subsequent alleged delinquencies. In round one, defendant successfully argued before the bankruptcy court that GMAC improperly sought payment on debts discharged in the Chapter 13 bankruptcy and that he was current on payments. In round two, GMAC voluntarily dismissed its action. In round three, GMAC argued defendant had been in default since April 2006. Defendant countered, again successfully, that GMAC initially declared default in error and had thereafter refused to accept payments, which defendant deposited in an escrow account instead.

In May 2012, GMAC itself filed for bankruptcy under Chapter 11. As part of GMAC's liquidation, Ocwen purchased GMAC's interest in the mortgage. In April 2014, Ocwen sent defendant a notice of intent to foreclose based on defendant's delinquency since 2006. A foreclosure action followed in August.

Defendant conceded that payments had not been tendered to either GMAC or Ocwen for several years. Yet, defendant challenged Ocwen's foreclosure action by raising affirmative defenses and seven counterclaims, alleging sweeping common law, state law and federal law violations. Defendant asserted Ocwen had continued GMAC's malfeasance and failed to cure GMAC's prior wrongs. Many of the counterclaims mirrored those defendant raised in prior proceedings and referenced actions by GMAC, not Ocwen.

In response, Ocwen moved to strike defendant's answer and dismiss the counterclaims pursuant to Rule 4:6-2(e). In January 2015, the court issued an order mandating that (1) defendant's answer and affirmative defenses be stricken "except . . . [as] related to date of default and amount due," and (2) all counterclaims be dismissed with prejudice. The court appended only a brief explanation of its broad dismissal:

> The Court finds that there are genuine issues of material fact related to: 1) the date of default; and 2) the amount due. All defenses and counterclaims, except as related to those two issues, are stricken. The Court will hold

> a trial on those two narrow issues, and
> discovery is limited to those issues only.
> Accordingly, Plaintiff's Motion to Strike
> Defendant's Answer and Dismiss the Defenses
> and Counterclaims is granted in part and
> denied in part.

Defendant immediately sought appellate review, but we dismissed the appeal as interlocutory. That procedural hurdle was cleared in August 2015 when the court granted Ocwen's motion to voluntarily dismiss its foreclosure action without prejudice. In an attached statement of reasons, the court recounted that "Defendant's Counterclaims were stricken" by the January order, but did not amplify its reasons.

While the formerly interlocutory order is now final and appealable, we decline to engage in a substantive review of the counterclaims until we are able to discern the trial court's reason for dismissal. Although our review of decisions resulting in the dismissal of claims is plenary, e.g., Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div.) (failure to state a claim), certif. denied, 208 N.J. 368 (2011); Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (summary judgment), we must still review the trial court's decision. It is not for us to consider the matter as if for the first time.

Essential to our task is an understanding of the reasons for the decision under review. That is why Rule 1:7-4(a) requires

trial courts to "state clearly [their] factual findings and correlate them with the relevant legal conclusions" for all orders appealable as of right. Curtis v. Finneran, 83 N.J. 563, 569-70 (1980); see Rutgers Univ. Student Assembly v. Middlesex Cnty. Bd. of Elections, 438 N.J. Super. 93, 107 (App. Div. 2014) (failure to abide by Rule 1:7-4(a) on cross-motions for summary judgment justified reversal and remand); see also R. 1:6-2(f) (requiring a statement of reasons for interlocutory orders when "necessary or appropriate"); Pressler & Verniero, Current N.J. Court Rules, comment 7 on R. 1:6-2 (2017) (stating explanation for interlocutory orders is required "by reason of the nature of the matter"). We rely on trial courts to articulate and explain their conclusions of fact and law before attempting our own examination. "[A]n articulation of reasons is essential to the fair resolution of a case. The failure to perform this duty 'constitutes a disservice to the litigants, the attorneys and the appellate court.'" O'Brien v. O'Brien, 259 N.J. Super. 402, 406-07 (App. Div. 1992) (quoting Curtis, supra, 83 N.J. at 569-70) (applying Rule 1:6-2(f)).

Here, the trial court dismissed defendant's seven distinct counterclaims with prejudice (and struck most of his answer and affirmative defenses). The order was appealable as of right after

Ocwen voluntarily dismissed the foreclosure action.[1] The court did not explain its decision, except to observe there were "genuine issues of material fact" regarding the default, which apparently pertained only to Ocwen's action.

As a result of the trial court's silence, we can decipher neither the legal standard it applied nor the basis for its dismissal. As to the former, it is unclear whether the court barred defendant's counterclaims under Rule 4:6-2(e) for failing to state a claim, or whether the court converted the motion to one for summary judgment under Rule 4:46 because of the extensive materials submitted to the court on the motion. See R. 4:6-2(e). As to the latter, the court did not explain the legal deficiency in the various causes of action alleged. Given defendant's multiple assertions, the court's reasons for rejecting each could have varied widely from claim to claim. Moreover, it is possible the court dismissed the claims for a reason not raised by the parties, such as germaneness, R. 4:64-5; however, that would not explain why the dismissal was with prejudice.

---

[1] Even if the foreclosure action had proceeded and the dismissal order remained interlocutory, the court was obliged to explain its reasons because the order substantially affected the parties' respective rights and the court's reasons were not obvious. See R. 1:6-2(f).

We express no opinion about the merit of defendant's counterclaims. We are constrained to remand for issuance of appropriate findings of fact and conclusions of law.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION