**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4272-15T2

CIT BANK, N.A.,

    Plaintiff-Respondent,

v.

RONALD WEAKLY, and MRS.
RONALD WEAKLY, his wife,

    Defendants-Appellants.

_____

        Submitted September 20, 2017 — Decided November 1, 2017

        Before Judges Simonelli and Rothstadt.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Ocean County, Docket No.
        F-030884-15.

        Ronald Weakly, appellant pro se.

        Parker Ibrahim & Berg, LLC, attorneys for
        respondent (Scott W. Parker and Karena J.
        Straub, on the briefs).

PER CURIAM

Defendants, Ronald Weakly and his wife,[1] appeal from the Chancery Division's denial of their motion to vacate default, and its entry of final judgment in foreclosure in favor of plaintiff, CIT Bank, N.A. The Chancery judge denied defendants' motion without oral argument and, according to the order, he did so "for the reasons set forth in [p]laintiff's opposition to [d]efendant's [m]otion." The court did not advance any findings of facts or conclusions of law, or any other explanation for its decision. On appeal, defendants argue that the trial court abused its discretion when it failed to grant their motion.

We conclude from our review that we are unable to perform our appellate function because the Chancery judge failed to satisfy the requirements of Rule 1:7-4. We need not - and indeed cannot - determine whether the judge correctly denied defendants' motion because the judge erred by failing to make any findings of fact supporting his determination or otherwise sufficiently expressing his reasoning.

Pursuant to Rule 1:7-4, a trial judge has an obligation to render "an opinion or memorandum decision, either written or oral, [with] find[ings of] fact[] and . . . conclusions of law thereon in all actions tried without a jury. . . ." "The purpose of the

---

[1] She is only identified as "Mrs. Ronald Weakly" and, evidently, did not sign any of the subject loan documents.

rule is to make sure that the court makes its own determination of the matter." In re Tr. Agreement Dec. 20, 1961, by and between Johnson & Hoffman, Lienhard & Perry, 399 N.J. Super. 237, 254 (2006), aff'd, 194 N.J. 276 (2008). "When a trial court issues reasons for its decision, it 'must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594 (App. Div. 2016)(alteration in original)(quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). When that is not done, a reviewing court does not know whether the judge's decision is based on the facts and law or is the product of arbitrary action resting on an impermissible basis. See Monte, supra, 212 N.J. Super. at 565.

The manner in which a judge complies with the Rule is left to the judge's discretion. In re Tr. Agreement Dec. 20, 1961, supra, 399 N.J. Super. at 253. A judge is not required to specify grounds for the denial of a motion and, instead, can rely upon reasons expressed by a party. Id. at 253-54. However, the judge must make "such reliance 'explicit,'" Allstate Insurance Co. v. Fisher, 408 N.J. Super. 289, 301 (App. Div. 2009); Pressler & Verniero, Current N.J. Court Rules, comment 1 on R. 1:7-4 (2018), and make "clear the extent of [the judge's] agreement with and

reliance on [the] proposed findings of fact and conclusions of law," demonstrating that the judge "carefully considered the evidentiary record and did not abdicate [the judge's] decision-making responsibility." In re Tr. Agreement Dec. 20, 1961, supra, 399 N.J. Super. at 254.

A judge "does not discharge [his] function simply by recounting the parties' conflicting assertions and then stating a legal conclusion, or, as here, incorporating by reference one of the parties' arguments." Avelino-Catabran, supra, 445 N.J. Super. at 595. "[A]n articulation of reasons is essential to the fair resolution of a case." O'Brien v. O'Brien, 259 N.J. Super. 402, 407 (App. Div. 1992).

There is nothing in the order denying defendants' motion in this matter that confirms that the judge made an independent decision based upon an analysis of the facts and applicable law. "While the failure to provide reasons necessitates a remand, we are left with the option of remanding for a statement of reasons or reversing and remanding for consideration of the motion . . . anew. We determine that the latter course of action is appropriate here." Fisher, supra, 408 N.J. Super. at 303.

The judgment and order under review are vacated. The matter is remanded and the trial judge is directed to reconsider defendants' motion and enter a new order within fourteen days,

A-4272-15T2

together with a written or oral statement of reasons in conformity with <u>Rule</u> 1:7-4. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION