> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court."
> Although it is posted on the internet, this opinion is binding only on the
> parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1266-16T4

BRUCE STEVENS, individually and
on behalf of TERRAFORM, LLC,

    Plaintiffs-Appellants,

v.

JOSEPH CAPPADORA, C.P.A. and
BERKSHIRE VALLEY ASSOCIATES, LLC,

    Defendants-Respondents.

_____

        Argued March 6, 2018 — Decided July 17, 2018

        Before Judges Yannotti and DeAlmeida.

        On appeal from Superior Court of New Jersey,
        Law Division, Passaic County, Docket No.
        L-2957-15.

        Kenneth S. Thyne argued the cause for
        appellants (Roper & Thyne, LLC, attorneys;
        Kenneth S. Thyne, on the brief).

        Elie B. Gold argued the cause for respondents
        (Gold Law, PC, attorneys; Elie B. Gold, on the
        brief).

PER CURIAM

    Plaintiffs Bruce Stevens and Terraform, LLC appeal an order

dismissing their complaint with prejudice and compelling them to

submit their claims to arbitration.  We vacate the order and remand for entry of a statement of reasons by the trial court.

I.

On August 27, 2015, plaintiffs filed a complaint in the Law Division, alleging breach of contract and related claims against defendants Joseph Cappadora, C.P.A., and Berkshire Valley Associates, LLC.  Plaintiffs' claims arise from a Joint Venture Agreement (JVA), which contains a clause in which the parties agreed that "any dispute, claim, or controversy concerning" the agreement "shall be settled by binding arbitration . . . ."

On or about September 24, 2015, defendants filed an answer, which set forth no affirmative defenses referencing arbitration. In addition, the answer demanded that "all issues" be tried by a jury and contained a certification from defendants' attorney that "no other . . . [a]rbitration [p]roceeding is contemplated."

On February 3, 2016, plaintiffs moved pursuant to Rule 4:23-5(a)(1) to suppress defendants' answer and affirmative defenses without prejudice for failing to respond to plaintiffs' discovery demands.  The trial court granted plaintiffs' motion on February 19, 2016.

On or about April 22, 2016, plaintiffs moved pursuant to Rule 4:23-5(a)(2) to suppress defendants' answer and affirmative defenses with prejudice for failing to respond to plaintiffs'

discovery demands. On June 8, 2016, plaintiffs received defendants' discovery responses and, as a result, withdrew the motion.

On June 13, 2016, the parties filed a consent order vacating the February 19, 2016 order suppressing defendants' answer and affirmative defenses without prejudice. The parties also agreed to extend the discovery end date from August 2, 2016 to October 2, 2016. Trial was scheduled for October 24, 2016.

On September 15, 2016, defendants filed two motions. One motion sought to dismiss the complaint on the merits, or, in the alternative, to grant defendants leave to file an amended answer. The amended answer submitted with the motion included an affirmative defense raising the JVA's arbitration clause for the first time. The other motion sought to compel arbitration.

On September 22, 2016, defendants served discovery demands and deposition notices on plaintiffs.

On October 19, 2016, the trial court denied defendants' motion to dismiss the complaint and denied defendants leave to file an amended answer.

On October 20, 2016, the trial court entered an order dismissing the complaint with prejudice and compelling the parties to submit all claims to arbitration. The court's findings of fact

and conclusions of law consisted of the following handwritten paragraph on the October 20, 2016 order:

> Application granted. The court was unaware this motion was pending when it decided the other motions as this decision renders those decisions moot. This court finds that the arb[itration] provision which was negotiated between the parties and a component of the consideration exchanged or promised to be exchanged was not waived.

This appeal followed.

## II.

"[A]rbitration . . . is a favored means of dispute resolution." Hojnowski v. Vans Skate Park, 187 N.J. 323, 342 (2006); see, e.g., Martindale v. Sandvik, Inc., 173 N.J. 76, 84-85 (2002); Garfinkel v. Morristown Obstetrics & Gynecology Assocs., 168 N.J. 124, 131 (2001). The Uniform Arbitration Act, N.J.S.A. 2A:23B-1 to -32, provides that agreements to arbitrate are valid unless there are grounds that "exist at law or in equity for the revocation of a contract." N.J.S.A. 2A:23B-6. "An arbitration agreement is a contract and is subject, in general, to the legal rules governing the construction of contracts." McKeeby v. Arthur, 7 N.J. 174, 181 (1951). The Supreme Court has recognized that the parties may waive an arbitration agreement. Cole v. Jersey City Med. Ctr., 215 N.J. 265, 276 (2013). Waiver of an agreement to arbitrate a dispute may be demonstrated by

"clear and convincing evidence that the party asserting it chose to seek relief in a different forum." Spaeth v. Srinivasan, 403 N.J. Super. 508, 514 (App. Div. 2008).

"Waiver is the voluntary and intentional relinquishment of a known right." Knorr v. Smeal, 178 N.J. 169, 177 (2003). A waiver need not be express and can be found if "the circumstances clearly show that the party knew of the right and then abandoned it, either by design or indifference." Ibid. A party may waive an arbitration agreement by participating "in prolonged litigation, without a demand for arbitration or an assertion of a right to arbitrate." Hudik-Ross, Inc. v. 1530 Palisade Ave. Corp., 131 N.J. Super. 159, 167 (App. Div. 1974).

In Cole, the Court instructed a trial court considering whether a party has waived an arbitration provision to engage in a fact-sensitive analysis focused on the party's litigation conduct:

> [a]mong other factors, courts should evaluate: (1) the delay in making the arbitration request; (2) the filing of any motions, particularly dispositive motions, and their outcomes; (3) whether the delay in seeking arbitration was part of the party's litigation strategy; (4) the extent of discovery conducted; (5) whether the party raised the arbitration issue in its pleadings, particularly as an affirmative defense, or provided other notification of its intent to seek arbitration; (6) the proximity of the date on which the party sought arbitration to

the date of trial; and (7) the resulting prejudice suffered by the other party, if any.

[Id. at 280-81].

Whether a party waived its right to arbitration is a legal determination subject to de novo review. See Manalapan Realty L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995). The factual findings of the waiver determination are entitled to deference and are subject to review for clear error. See Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 483-84 (1974).

Plaintiffs argue that the trial court failed to make findings of fact with respect to the factors set forth in Cole and, had the court done so, would necessarily have concluded that defendants waived their right to arbitration. In particular, plaintiffs argue that defendants, who did not raise the arbitration clause as an affirmative defense in their answer, waited over a year from the filing of the complaint to move to compel arbitration. In the interim, defendants produced discovery, moved for substantive relief, secured a discovery extension, and served discovery demands on plaintiffs. In addition, during that time, plaintiffs filed two discovery-related motions. At the time that defendants moved to compel arbitration the trial date was approximately a month away. Defendants, on the other hand, argue that they played a passive role while the matter was pending in the trial court,

taking no steps expressly constituting a waiver of arbitration under the standards set forth in Cole. They, in effect, argue that the trial court adopted the arguments they made against wavier in support of their motion to compel arbitration.

Because the trial court did not enter a written or oral statement of reasons explaining its decision to dismiss the complaint we are unable to determine if the court applied the Cole factors when deciding defendants' motion. A trial judge has an obligation to render "an opinion or memorandum decision, either written or oral, [with] find[ings of] fact[] and . . . conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." R. 1:7-4(a). "When a trial court issues reasons for its decision, it 'must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underling th[ose] conclusion[s]." Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). "[A]n articulation of reasons is essential to the fair resolution of a case." O'Brien v. O'Brien, 259 N.J. Super. 402, 407 (App. Div. 1992).

"While the failure to provide reasons necessitates a remand, we are left with the option of remanding for a statement of reasons

or reversing and remanding for consideration of the motion . . . anew." <u>Allstate Ins. Co. v. Fisher</u>, 408 N.J. Super. 289, 303 (App. Div. 2009). We determine that the latter option is appropriate here.

The order under review is vacated. The matter is remanded and the court is directed to consider the motion anew and enter a new order with a written or oral statement of reasons in conformity with <u>Rule</u> 1:7-4(a). We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION