**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5542-17T4

NIKKI CORDERO,

 Plaintiff-Respondent,

v.

FITNESS INTERNATIONAL,
LLC, t/a LA FITNESS and
LINA ANDERSON,

 Defendants-Appellants,

and

RYAN FARLEY and GEORGE
WALKER,

 Defendants.

_____

 Argued March 28, 2019 – Decided April 10, 2019

 Before Judges Simonelli and Firko.

 On appeal from Superior Court of New Jersey, Law
 Division, Essex County, Docket No. L-0641-18.

William F. Dahill, of the New York bar, admitted pro hac vice, argued the cause for appellants (Wollmuth Maher & Deutsch LLP, attorneys; James N. Lawlor, William F. Dahill and Pamela A. Frederick, of the New York bar, admitted pro hac vice, on the briefs).

Christopher J. Eibeler argued the cause for respondent (Smith Eibeler, LLC, attorneys; Christopher J. Eibeler, on the brief).

PER CURIAM

Defendants Fitness International, LLC (LA Fitness) and Lina Anderson appeal from the May 25, 2018 Law Division order, which denied their motion to dismiss the complaint and compel arbitration, and from the July 20, 2018, which denied their motion for reconsideration. We reverse and remand for further proceedings.

Plaintiff Nikki Cordero is a former employee of LA Fitness who alleged her supervisor sexually harassed and assaulted her while at work. Plaintiff filed a complaint, asserting claims under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to -42, for hostile work environment, sex discrimination, retaliation, and sexual harassment.

Defendants filed a motion to dismiss the complaint and compel arbitration pursuant an online employment application plaintiff electronically signed and an arbitration agreement plaintiff purportedly signed. Plaintiff argued the online

employment application is not an enforceable contract and did not establish she knowingly waived her right to a jury. She also argued she was never informed, never saw, never signed, and therefore never agreed to the purported arbitration agreement, and the purported arbitration agreement specifically excludes the injunctive relief she sought in this matter.

The motion judge denied the motion, merely writing on a May 25, 2018 order: "Plaintiff has sufficiently pled a cause of action as well as the requisite facts for this matter to proceed to discovery." The motion judge subsequently denied defendants' motion for reconsideration, merely writing on a July 20, 2018 order: "Defendant has failed to demonstrate that the court's May 25, 2018 order was palpably incorrect, based on an irrational basis, or that the court failed to consider competent probative evidence. Plaintiff has pled a sufficient cause of action, and is entitled to discovery."

The judge made no factual or legal findings whatsoever as to the issues the parties raised, and did not address whether the arbitration agreement is consistent with applicable case law and the NJLAD.[1] "Rule 1:7-4 requires a

---

[1] The NJLAD has been amended to include the following pertinent provision:

> A provision in any employment contract that waives any substantive or procedural right or remedy relating

judge to issue a decision either orally or in writing which 'find[s] the facts and state[s] its conclusions of law thereon in all actions tried without a jury[.]'" In re Tr. Agreement Dated Dec. 20, 1961, by & between Johnson & Hoffman, Lienhard & Perry, 399 N.J. Super. 237, 253 (App. Div. 2006) (alteration in original). "The purpose of the rule is to make sure that the court makes its own determination of the matter." Id. at 254.

"When a trial court issues reasons for its decision, it 'must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594 (App. Div. 2016) (alteration in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). When that is not done, a reviewing court does not know whether the judge's decision is based on the facts and law or is the product of arbitrary action resting on an impermissible basis. See Monte, 212 N.J. Super. at 565. "[A]n articulation of reasons is essential to the fair resolution of a case." O'Brien v. O'Brien, 259 N.J. Super. 402, 407 (App. Div. 1992).

---

to a claim of discrimination, retaliation, or harassment shall be deemed against public policy and unenforceable.

[L. 2019, c. 39, §§ 1-6.]

There is nothing in the orders denying defendants' motions in this matter that confirms the judge made an independent decision based upon an analysis of the facts and applicable law. "While the failure to provide reasons necessitates a remand, we are left with the option of remanding for a statement of reasons or reversing and remanding for consideration of the motion . . . anew. We determine that the latter course of action is appropriate here." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 303 (App. Div. 2009).

The orders under review are reversed and the matter is remanded for the trial court to consider the motion anew and enter a new order, together with a written or oral statement of reasons in conformity with Rule 1:7-4. On remand, the parties may conduct limited discovery necessary to resolve the issues raised in this matter. If necessary, the court may conduct a plenary hearing with respect to the parties' credibility.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5542-17T4