**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4907-17T3

RODNEY LEE,

     Plaintiff-Appellant,

v.

U.S. BANK NATIONAL ASSOCIATION,
not in its individual capacity, but solely as
trustee for the RMAC Trust, Series 2016-CTT,
and NATIONSTAR MORTGAGE, LLC,

     Defendants,

and

LAW OFFICES OF STEVEN A. VARANO,
PC,

     Defendant-Respondent.

_____

Submitted May 21, 2019 – Decided May 31, 2019

Before Judges Rothstadt and Natali.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1742-18.

Rodney Lee, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

Plaintiff Rodney Lee appeals from the Law Division's May 11, 2018 and May 25, 2018 orders dismissing his complaint that sought relief under the Consumer Fraud Act, N.J.S.A. 56:8-1 to -210, against defendants U.S. National Bank Association (USB), Nationstar Mortgage LLC (Nationstar), and the Law Offices of Steven A. Varano, P.C. (Varano).[1] On appeal, plaintiff argues that the orders should be vacated and the matter remanded because the motion judge who entered both orders failed to provide the parties with her statement of reasons explaining why she dismissed plaintiff's complaint. For the reason that follow, we vacate the May 11, 2018 order and remand the matter to the motion judge for a statement for reasons as required by Rule 1:7-4.

Plaintiff filed his complaint in March 2018. His complaint arose out of an earlier foreclosure action filed against him by Nationstar in which USB appeared as the successful bidder at a sheriff's sale through its attorney, Varano. In response to plaintiff's complaint in this matter, on April 20, 2018, Varano filed a motion under Rule 4:6-2(e), seeking to dismiss the complaint for failure

---

[1] After filing his appeal, on November 27, 2018, plaintiff entered into a stipulation of dismissal with USB and Nationstar.

A-4907-17T3

to state a cause of action for which relief could be granted. A similar motion was filed by USB and Nationstar on April 27, 2018. Plaintiff filed opposition to both motions and without considering any oral argument, the motion judge entered the two orders from which plaintiff appeals.

The May 11, 2018 order dismissed the complaint against defendant Varano. The order noted that Varano's application had been opposed. It made no reference to the reasons for the judge's decision being placed on the record or stated in any accompanying written decision. The May 25, 2018 order dismissed the complaint against USB and Nationstar, noted that plaintiff had opposed the motion, and similarly made no mention of the judge's reasons for her decision being set forth in any format.

After plaintiff received the motion judge's orders, he filed a statement of his "objections to [the judge's] finding[s] of fact and conclusion[s] of law," requesting that the judge issue a written statement of the judge's "legal[] reasoning to grant dismissal of plaintiff's undisputed complaint." Plaintiff never received a response to this request. This appeal followed.

As already noted, on appeal, plaintiff's only argument is that the motion judge failed to comply with Rule 1:7-4 and for that reason, the orders dismissing his complaint should be vacated. We agree.

3                                                                              A-4907-17T3

Rule 1:7-4 requires that a judge "by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury . . . ." R. 1:7-4. "When a trial court issues reasons for its decision, it 'must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). "[A]n articulation of reasons is essential to the fair resolution of a case." O'Brien v. O'Brien, 259 N.J. Super. 402, 407 (App. Div. 1992). When a judge does not properly state his or her findings and conclusions, a reviewing court does not know whether the judge's decision is based on the facts and law or is the product of arbitrary action resting on an impermissible basis. See Monte, 212 N.J. Super. at 565. "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Giarusso v. Giarusso, 455 N.J. Super. 42, 53-54 (App. Div. 2018) (quoting Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008)). Failure to do so therefore "constitutes a disservice to the litigants, the attorneys and the appellate court." Ricci v. Ricci, 448 N.J. Super. 546, 575 (App. Div. 2017) (quoting Curtis v. Finneran, 83 N.J. 563, 569-70 (1980)).

4

Because the motion judge here did not even attempt to meet the Rule's requirements as to either order, we would normally be constrained to vacate the two orders and remand them for a statement of reasons explaining her findings of fact and conclusions of law. However, because plaintiff entered into a stipulation of dismissal with USB and Nationstar, only the May 11, 2018 order as to Varano needs to be vacated and remanded for the judge's statement of reasons.

Vacated and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4907-17T3