**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1377-17T3

CAROLYN GILBERT-LEE,

     Plaintiff-Appellant,

v.

VANDELL D. LEE,

     Defendant-Respondent.

_____

Submitted January 31, 2019 – Decided July 8, 2019

Before Judges O'Connor and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Salem County, Docket No. FM-17-0103-14.

Brock D. Russell, attorney for appellant.

Robert J. O'Donnell, attorney for respondent.

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Carolyn Gilbert-Lee appeals from an October 27, 2017 order of the Family Part vacating the

previously entered October 11, 2016 Qualified Domestic Relations Order (QDRO), directing the return of funds she received from a deferred compensation plan under the QDRO, and awarding defendant Vandell D. Lee attorney's fees. We reverse.

I.

We take the following facts from the record. The parties were divorced by a Final Judgment of Divorce entered on March 25, 2015. An Amended Final Judgment of Divorce (AJOD) was entered on September 22, 2015. The AJOD provided, among other things, that Gilbert-Lee was to receive fifty percent of the coverture portion of Lee's deferred compensation plan measured from the date of the marriage through the date of the filing of the divorce complaint. The court also ordered the parties to jointly engage an expert to draft the QDRO necessary to implement this provision of the AJOD.

On May 26, 2016, Gilbert-Lee filed a motion to enforce litigant's rights which, in relevant part, addressed Lee's continued failure to provide documents establishing the premarital balance of his deferred compensation plan. The expert retained by the parties advised them that she needed this information to draft the QDRO.

A-1377-17T3

On July 15, 2016, the trial court granted Gilbert-Lee's motion and ordered Lee to produce the information requested by the expert within thirty days. With respect to Lee's deferred compensation plan, the court ordered that "if [Lee] fails to provide information of the pre-marital interest, the parties shall split 50-50 the balance of [sic] the time of the [c]omplaint for [d]ivorce." Lee was present in the courtroom when the trial court delivered its opinion.

Although Lee produced some information during the thirty-day period, the expert informed the parties that the information he provided was insufficient to determine the premarital balance of his deferred compensation plan. The majority of documents produced by Lee were issued by an institution other than the bank at which his deferred compensation plan was located and concerned an annuity. A few documents concerning the deferred compensation plan were also produced, but were dated the month before the filing of the divorce complaint. Gilbert-Lee's counsel requested in writing that Lee produce documentation establishing the premarital balance of the deferred compensation plan within seven days. Lee did not produce any additional information. To date, he has not established the premarital balance of the plan.

Gilbert-Lee's counsel thereafter submitted under the five-day rule, Rule 4:42-1(c), a proposed QDRO based on the assumption that there was no

premarital balance in Lee's deferred compensation plan. Lee's counsel informed the court in writing that he had reviewed the proposed QDRO and had no objection to its terms. Lee was copied on his counsel's letter to the court.

On October 11, 2016, the trial court entered the QDRO. The order was implemented through the administrator of Lee's deferred compensation plan based on the assumption that there was no premarital balance, resulting in a withdrawal of $96,817.36. After federal tax withholding, the administrator issued $77,453.89 to Gilbert-Lee.

On August 11, 2017, Lee, having retained new counsel, filed a motion pursuant to Rule 4:50-1(a) and (f) to: (1) vacate the QDRO; (2) compel Gilbert-Lee to return all funds distributed to her from the deferred compensation plan pursuant to the QDRO; (3) enter a revised QDRO providing that Gilbert-Lee receive fifty percent of the value of Lee's deferred retirement plan from the date of marriage to the date of the filing of the divorce complaint, minus Gilbert-Lee's share of an outstanding pension loan; and (4) award Lee attorney's fees. Lee argued that the QDRO was entered in error because it contradicted the AJOD and the trial court's July 15, 2016 order. In addition, Lee argued that his prior counsel did not show him the QDRO prior to consenting to its entry. Lee's moving papers did not include a certification from his prior counsel explaining

 A-1377-17T3

the circumstances of his having represented to the court that he had no objection to the QDRO. Nor does Lee's certification address the fact that he was copied on his prior counsel's letter accepting the QDRO, but apparently did not object to the contents of the letter prior to entry of the QDRO. Lee's motion was assigned to a judge different from the one who entered the QDRO.

On October 27, 2017, the trial court granted Lee's motion without holding an evidentiary hearing. In a written opinion, which does not cite Rule 4:50-1 or any legal authority referencing it, the trial court concluded that although Lee's counsel had consented to the QRDO, "[t]he [c]ourt will not discuss the issue of [Lee's] [c]ounsel . . . . [B]ased on previous orders of the [c]ourt it is clear that [Lee] had no intention on [sic] consenting to such order." It appears that when referring to "previous orders" the trial court was referring to the July 15, 2016 order, which reiterates that Gilbert-Lee is entitled to fifty percent of the martial balance of the deferred compensation plan from the date of marriage to the date the divorce complaint was filed. That order, however, contains a crucial caveat: "To be clear, if [Lee] fails to provide information of the pre-marital interest, the parties shall split 50-50 the balance of [sic] the time of the [c]omplaint for [d]ivorce." The motion court does not mention this provision of the July 15, 2016 order in its written opinion or order.

The trial court entered an order: (1) vacating the QDRO because it "was unconscionable;" (2) directing the entry of an "appropriate" QDRO, presumably granting Gilbert-Lee fifty percent of the value of Lee's deferred compensation plan from the date of the marriage to the filing of the divorce complaint; (3) directing Gilbert-Lee to return the funds distributed to her from Lee's deferred compensation plan within thirty days; and (4) awarding Lee $2210 in attorney's fees.[1]

This appeal followed. Gilbert-Lee makes the following arguments for our consideration:

---

[1] Gilbert-Lee cross-moved for relief, including restoration of alimony to the amount agreed upon by the parties, which had been reduced by the trial court when Lee retired sooner than expected. Gilbert-Lee argued that restoration was warranted because Lee had returned to work. The trial court denied the cross-motion. Although Gilbert-Lee mentioned the alimony issue in her case information statement, she did not include argument on that point in her brief. We therefore consider that issued waived. "[A]n issue not briefed is deemed waived." Pressler and Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019); Telebright Corp. v. Dir., Div. of Taxation, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief). The trial court also denied Gilbert-Lee's cross-motion for attorney's fees. Gilbert-Lee did not designate the paragraph of the October 27, 2017 order denying her attorney's fees application in her notice of appeal and does not reference the issue in her case information statement. We therefore decline to address her request that we remand this matter for reconsideration of her fee application with respect to the issue raised in her cross-motion.

POINT I

[THE TRIAL COURT] ERRED BY VACATING [THE] QDRO BECAUSE [IT] MISREAD THE MEANING AND INTENT OF [THE] ORDER OF JULY 15, 2016 (FINDING THE DEFENDANT IN VIOLATION OF LITIGANT'S RIGHTS) UPON WHICH THE QDRO WAS PREDICATED.

POINT II

[THE TRIAL COURT'S] FINDING THAT [THE] QDRO OF OCTOBER 11, 2016 WAS UNCONSCIONABLE OR WAS ENTERED WITHOUT CONSENT WAS NOT SUPPORTED BY ADEQUATE FINDINGS OF FACT AS REQUIRED BY R. 1:7-4 AND WAS OTHERWISE ERRONEOUS.

POINT III

TO THE EXTENT [THE TRIAL COURT] WAS OF THE VIEW THAT [THE] EARLIER ORDER WAS UNCONSCIONABLE OR OTHERWISE INEQUITABLE, THIS ISSUE WAS NOT PROPERLY BEFORE [THE COURT] BECAUSE DEFENDANT HAD NOT SOUGHT RELIEF FROM THAT ORDER PRESUMABLY BECAUSE HE WAS OUT OF TIME UNDER R. 4:50-2.

POINT IV

[THE TRIAL COURT] ABUSED [ITS] DISCRETION UNDER R. 5:3-5(c) BY AWARDING DEFENDANT COUNSEL FEES OF $2,210.00 AND BY DENYING PLAINTIFF'S CROSS-APPLICATION FOR FEES.

## II.

R. 4:50-1 provides

> [o]n motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect . . . or (f) any other reason justifying relief from the operation of the judgment or order.

The Rule is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Mancini v. EDS, 132 N.J. 330, 334 (1993) (quoting Baumann v. Marinaro, 95 N.J. 380, 392 (1984)). "The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (citing DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009)). A court abuses its discretion when it issues a decision that is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Our review of the trial court's decision is hampered by a lack of detail in its findings of fact and conclusions of law. "When a trial court issues reasons for its decision, it 'must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alternations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). "[A]n articulation of reasons is essential to the fair resolution of a case." O'Brien v. O'Brien, 259 N.J. Super. 402, 407 (App. Div. 1992).

The trial court did not make detailed findings of fact with respect to the issuance of the QDRO and cited no legal precedents supporting its conclusion that relief was warranted. Lee sought relief pursuant to both Rule 4:50-1(a) and Rule 4:50-1(f). Those provisions concern distinct circumstances. Because the trial court did not cite either subsection of the Rule in its decision or order, we cannot determine the basis on which it granted relief to Lee. However, having reviewed the parties' arguments in light of the record and applicable legal principles, we conclude that Lee is not entitled to relief under either provision of Rule 4:50-1 and therefore reverse the provisions of the October 27, 2017 order from which Gilbert-Lee appeals.

Section (a) of the Rule provides relief for errors "that a party could not have protected against" during the litigation. DEG, 198 N.J. at 263 (quotation omitted). Thus, an attorney's error of law is not sufficient to justify relief. Posta v. Chung-Loy, 306 N.J. Super. 182, 206 (App. Div. 1997). Nor is an attorney's failure to assert a particular claim in litigation. Hendricks v. A.J. Ross Co., 232 N.J. Super. 243, 248-49 (App. Div. 1989). Section (a) also does not provide relief from the effects of litigation decisions, even if based on erroneous legal advice. DEG, 198 N.J. at 263.

Because the trial court did not hold a hearing on the motion, it did not take testimony from Lee, his prior counsel, or any other party with respect to the circumstances under which prior counsel informed the court in writing that Lee had no objection to entry of the QDRO. The only evidence on this crucial point in the motion record was Lee's certification that he was not consulted before his counsel accepted the QDRO, which the trial court apparently accepted at face value without the benefit of live testimony. The trial court's finding that Lee did not intend to consent to the QDRO is, therefore, not supported by adequate, substantial, credible evidence. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998).

Moreover, the QDRO was entered by the trial court not because it represented an agreement between the parties, but because Lee had for a period

of years failed to establish the premarital balance of his deferred compensation plan. Shortly before Gilbert-Lee's counsel submitted the QDRO under the five-day rule, Rule 4:42-1(c), the trial court had ordered that if Lee did not produce documents demonstrating the premarital balance of the plan within a specified period of time, the court would enter a QDRO granting Gilbert-Lee fifty percent of the balance as of the date of the filing of the divorce complaint. Lee's prior counsel's consent to the QDRO is not an acknowledgement that Lee agreed to the terms of the QDRO, but that the QDRO accurately reflects the trial court's distribution of the deferred retirement plan in light of Lee's failure to comply with its order. Lee's prior counsel, in effect, acknowledged that Lee had not complied with the trial court's order to produce the information the parties' expert deemed necessary to draft the QDRO. There is nothing in the record establishing that Lee ever produced evidence of the premarital balance, if one existed, of the deferred compensation plan.[2]

---

[2] Lee's submissions suggest that it was not necessary for the trial court or the parties' expert to determine the premarital balance of the deferred compensation plan because a QDRO granting Gilbert-Lee fifty percent of the coverture during the period of the marriage would have allowed the administrator of the plan to calculate Gilbert-Lee's interest. Lee's prior counsel did not raise this issue with the trial court prior to entry of the July 15, 2016 order or as an objection to the QDRO under the five-day rule.

A-1377-17T3

Nor was relief warranted under subsection (f) of Rule 4:50-1. "No categorization can be made of the situations which would warrant redress under subsection (f) . . . . [T]he very essence of (f) is its capacity for relief in exceptional situations." DEG, 198 N.J. at 269-70 (alternation in original) (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). Relief under this provision should be afforded "only when 'truly exceptional circumstances are present.'" Guillaume, 209 N.J. at 484 (quoting Housing Auth. v. Little, 135 N.J. 274, 286 (1994)). "The rule is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Ibid. (quoting Little, 135 N.J. at 289).

Lee did not demonstrate exceptional circumstances warranting relief from the QDRO. As noted above, the QDRO incorporates the trial court's decision to distribute the deferred compensation plan based on the presumption that there was no premarital balance because of Lee's recalcitrance with respect to producing documents necessary to establish a premarital balance. Lee, having not explained his failure to comply with the court's orders, nor established that he had produced the necessary information prior to entry of the QDRO, did not establish exceptional circumstances justifying relief under section (f).

In light of these conclusions, we need not address the parties' remaining arguments and reverse the provisions of the October 27, 2017 order granting

relief to Lee, including the award of attorney's fees. R. 5:3-5(c). The matter is remanded to the trial court for further proceedings necessary to restore to Gilbert-Lee any funds distributed to her from Lee's deferred compensation plan and returned pursuant to the October 27, 2017 order, and for consideration of whether Gilbert-Lee is entitled to fees in light of this court's opinion. We do not retain jurisdiction.[3]

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Gilbert-Lee requests that the court direct the trial court to consider on remand whether Lee overstated the balance of a pension loan as of the date of the filing of the divorce complaint and failed to make an adequate disclosure of his acquisition of a life insurance policy during the marriage. Because these issues were not addressed in the October 27, 2017 order we decline to grant her request for a remand. We offer no opinion with respect to whether Gilbert-Lee may make an application to the trial court for relief on these points.

A-1377-17T3