**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0165-23

BBCK ONE HOLDING CORP.,

    Plaintiff-Appellant/
    Cross-Respondent,

v.

WEST COAST MANAGEMENT
II, LLC, JEANETTE F.
FRANKENBERG, ESQ.,
STERN, LAVINTHAL &
FRANKENBERG, LLC, S & F
HOLDING, LLC, and LOUIS
CAMPISANO,

    Defendants-Respondents/
    Cross-Appellants,

and

CHARLES L. JAFFEE, ESQ. and
CHARLES L. JAFFEE, PA,

    Defendants-Respondents,

and

HOWARD HELFANT and TRI-STAR
PREMIER HOLDINGS, LLC,

Defendants.

_____

Submitted January 15, 2025 – Decided February 24, 2025

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4322-21.

Kluger Healey, LLC, attorneys for appellant/cross-respondent BBCK One Holding Corp. (David A. Ward, on the briefs).

Law Office of Maria Cozzini, PC, attorneys for respondents/cross-appellants West Coast Management II, LLC, Jeanette F. Frankenberg, Stern, Lavinthal & Frankenberg, LLC, S & F Holding, LLC, and Louis Campisano (Ibrahim Ahmed and Maria Cozzini, on the briefs).

Post Polak, PA, attorneys for respondents Charles L. Jaffee, Esquire and Charles L. Jaffee, PA (Frederick B. Polak, of counsel; William D. Sanders, on the brief).

PER CURIAM

Plaintiff BBCK One Holding Corp. (plaintiff or BBCK) appeals from two Law Division orders: the August 5, 2022 order dismissing the second amended complaint against defendants Charles L. Jaffee, Esquire and Charles L. Jaffee, P.A. (Jaffee defendants), with prejudice; and the August 8, 2023 order granting the joint motion to compel arbitration filed by defendants S&F Holding, LLC and Louis Campisano (S&F defendants) and defendants Jeanette Frankenberg,

2

A-0165-23

Esquire and Stern, Lavinthal & Frankenberg, LLC (SLF defendants).[1] We reverse and remand for further proceedings.

Plaintiff invested $3.2 million in West Coast, which purported to provide expert services to California marijuana businesses. West Coast began to fail and its investors, including S&F, SLF, and plaintiff, attempted to recoup their investments. Some funds were returned directly to the investors. Defendant Howard Helfant, the managing member of both defendant Tri-Star Premier Holdings, LLC (Tri-Star) and West Coast, transferred approximately $4 million

---

[1] In a November 13, 2023 order, we granted defendant West Coast Management II, LLC's (West Coast) motion to file its notice of cross-appeal of the August 5, 2022 and August 8, 2023 orders as within time. Counsel for West Coast then substituted as counsel for the S&F and SLF defendants. However, those defendants did not file a cross-appeal, and filed one merits brief addressing both the appeal and cross-appeal. Having reviewed the procedural history of this case, because West Coast never filed an answer to the complaint as plaintiff's complaint against it was dismissed for lack of prosecution, West Coast lacks standing to cross-appeal the orders before us. See State v. A.L., 440 N.J. Super. 400, 418 (App. Div. 2015) (holding a party has standing to appeal when it is "aggrieved by a judgment" (quoting Howard Sav. Inst. v. Peep, 34 N.J. 494, 499 (1961))). And even if we were to consider West Coast's sole argument on cross-appeal—the August 8, 2023 dismissal order should have been entered with prejudice—we are convinced it lacks merit. It is well established that "the procedural law of the forum state applies even when a different state's substantive law must govern." N. Bergen Rex Transp. v. Trailer Leasing Co., 158 N.J. 561, 569 (1999). Thus, New Jersey law governs the procedural dismissal of plaintiff's complaint in favor of arbitration. In New Jersey, the Uniform Arbitration Act provides for stays or without prejudice dismissal of matters pending arbitration, rather than with prejudice dismissals. GMAC v. Pittella, 205 N.J. 572, 582 n.6 (2011) (citing N.J.S.A. 2A:23B-7(g)).

A-0165-23

to Charles Jaffee, the attorney representing West Coast. Plaintiff alleged the money was intended for disbursement to both BBCK and SLF, but the entire sum was instead transferred to SLF's trust account.

In June 2021, plaintiff filed a complaint against the Jaffee defendants, Helfant, Tri-Star and West Coast, alleging fraud (count one), conspiracy to defraud (count two), aiding and abetting the commission of a fraud (count three), unjust enrichment (count four), breach of fiduciary duty (count five), conversion (count six), fraudulent concealment (count seven), theft (count eight) and negligence (count nine).

After the matter was removed to federal court, plaintiff filed a second amended complaint,[2] which added the S&F and SLF defendants and amended count two to allege conspiracy to misappropriate funds. In June 2022, the case was remanded and docketed in state court, and the S&F and SLF defendants were served with the complaint.

As to the Jaffee defendants, the trial court dismissed the complaint for lack of personal jurisdiction with prejudice by order dated August 5, 2022. In

---

[2] The first amended complaint was not provided on appeal. For brevity, we refer to the second amended complaint as the complaint.

January 2023, the court administratively dismissed Tri-Star and West Coast for lack of prosecution pursuant to Rule 1:13-7.

In March 2023, West Coast moved to be restored as a party[3] and to dismiss the complaint for lack of jurisdiction. In support of its motion, West Coast provided a copy of a document entitled "West Coast Management II, LLC Operating Agreement," (operating agreement) which indicated it was signed on March 6, 2017 by Helfant as manager of West Coast and Tri-Star, and by Campisano as manager of S&F. The signature lines for BBCK, which indicated "President" and "Mitchell Abdallah, Member" were blank. The trial court denied the motion by order dated June 26, 2023.

On July 5, 2023, the S&F and SLF defendants jointly moved to dismiss the complaint for lack of jurisdiction or, in the alternative, to compel arbitration.[4] The motion annexed a copy of the operating agreement and a certification from Frankenberg, wherein she stated the following:

> 6.  On March 6, 2017, I forwarded an unsigned copy of the [West Coast] Operating Agreement to [Cancelliere], who has previously certified to this

---

[3] According to the moving papers, the complaint was administratively dismissed as to West Coast because plaintiff failed to file a motion for default after West Coast was served and failed to answer the complaint.

[4] At the time of the motion, West Coast was engaged in arbitration with BBCK in Florida.

[c]ourt that he is the managing member of plaintiff BBCK. . . .

7. A few days later, I communicated with [Cancelliere] about the status of the Operating Agreement and the additional funds to be paid by BBCK for its membership interest in [West Coast]. Mr. Cancelliere advised that he would get it all done at an upcoming meeting with the other shareholders of BBCK.

8. Subsequent to my forwarding the Operating Agreement to [Cancelliere] on March 6, 2017 and my follow-up communications with him, BBCK invested an additional $2.2 million (on top of its prior $1 million investment) to acquire a [twenty percent] membership interest in [West Coast], which sum was wired to [West Coast] on or about March 16, 2017[] . . .

9. To the best of my knowledge, BBCK never voiced any objection to, or asked any questions about, the Operating Agreement that I sent to [Cancelliere].

The S&F and SLF defendants argued the operating agreement contained a choice of law provision that dictated Delaware law was to be applied, along with a valid and enforceable arbitration clause. Plaintiff opposed the motion, arguing it had not agreed to the arbitration clause and, because the S&F and SLF defendants were not signatories to the operating agreement, they could not enforce it.

On August 8, 2023, after considering counsel's arguments, the court granted the motion to dismiss the complaint and compel arbitration. In its oral

6

decision, the court addressed three issues: whether the S&F and SLF defendants waived their right to demand arbitration; whether there was an agreement to arbitrate; and whether BBCK was entitled to discovery.

After summarizing the parties' positions on whether the S&F and SLF defendants waived their right to demand arbitration, the court found they did not do so because "[t]his case was filed in 2021. The defendants filed their answer in 2022 and extensive discovery has not taken place yet."

After summarizing the parties' positions with regard to whether there was an agreement to arbitrate, the court found, "[I]t's clear that pursuant to Delaware law, that an LLC's operating agreement does not need to be signed and BBCK did make the capital contribution after they were provided with the agreement. So the court finds that BBCK is subject to the operating agreement in this matter."

The court then denied BBCK's request for discovery because "BBCK is subject to the arbitration agreement and the arbitrator can resolve any discovery requests that BBCK has in this matter."

On appeal, BBCK argues the trial court erred by granting the Jaffee defendants' motion to dismiss with prejudice, which the Jaffee defendants concede. We agree that the dismissal for lack of personal jurisdiction should

A-0165-23

have been without prejudice because the dismissal of the complaint was not an adjudication on the merits. Pullen v. Galloway, 461 N.J. Super. 587, 599 (App. Div. 2019) (citing R. 4:37-2(d)). We therefore reverse the August 5, 2022 order and remand to the trial court for entry of an order of dismissal as to the Jaffee defendants without prejudice.

Plaintiff also contends the court erred by compelling arbitration when BBCK was not a party to any arbitration agreement with the S&F or SLF defendants. On this point, we are constrained to reverse and remand the August 8, 2023 order.

Although it engaged in a thorough discussion with counsel during oral argument, the trial court made no factual findings or legal conclusions as to the issues the parties raised, why it found a valid and enforceable choice of law provision and arbitration agreement, and what provisions of Delaware law required the outcome the court ordered. Instead, after summarizing both parties' positions, the court summarily decided each issue without providing any reasoning for its decision.

Rule 1:7-4(a) requires the court to "find the facts and state its conclusions of law . . . on every motion decided by a written order that is appealable as of right." Colon v. Strategic Delivery Solutions, LLC, 459 N.J. Super. 349, 364

(App. Div. 2019). "When a trial court issues reasons for its decision, it 'must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). Absent the analysis required under Rule 1:7-4(a), a reviewing court cannot determine whether the judge's decision is based on the facts and law or is the product of arbitrary action resting on an impermissible basis. Monte, 212 N.J. Super. at 565. "[A]n articulation of reasons is essential to the fair resolution of a case." O'Brien v. O'Brien, 259 N.J. Super. 402, 407 (App. Div. 1992).

There is nothing in the oral decision in this matter that confirms the judge made an independent decision based upon an analysis of the facts and applicable law. "While the failure to provide reasons necessitates a remand, we are left with the option of remanding for a statement of reasons or reversing and remanding for consideration of the motion . . . anew. We determine that the latter course of action is appropriate here." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 303 (App. Div. 2009). We leave to the trial court's discretion whether to permit the parties to file supplemental submissions.

The August 5, 2022 order is reversed and remanded for entry of an amended order dismissing the Jaffee defendants without prejudice.

The August 8, 2023 order is reversed and remanded for the trial court to consider the motion anew and enter a new order, together with a written or oral statement of reasons in conformity with Rule 1:7-4.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0165-23